IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

THE UNENCUMBERED ASSETS TRUST; and ERWIN I. KATZ, LTD., Trustee of The Unencumbered Assets Trust,

Plaintiffs,

v.

JP MORGAN CHASE BANK, *et al.*,

Defendants.

Civil Action No. C2-04-1090

Judge James L. Graham

Magistrate Judge Abel

**Oral Argument Requested**

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6), Defendant PricewaterhouseCoopers LLP ("PwC") hereby moves to dismiss with prejudice all claims asserted against it in the Amended Complaint.

The grounds for this Motion are set forth in the accompanying Memorandum of Law and the annexed Exhibits. Pursuant to the Court's Case Management Order of December 19, 2003, counsel for PwC has sought to confer with counsel for other defendants and, where appropriate, has incorporated by reference certain portions of the papers filed by Defendant Deloitte & Touche LLP.

Respectfully submitted,

s/ Dan L. Cvetanovich
by Tiffany C. Miller personal auth. 3/31/05
Dan L. Cvetanovich (0021980)
Trial Attorney for PricewaterhouseCoopers LLP
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43215-3422
Telephone: (614) 229-3291
Telefax: (614) 221-0479

Of Counsel:

William R. Maguire
Derek J.T. Adler
Sarah L. Cave
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
(212) 422-4726 (fax)

Tiffany C. Miller (0072881)
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43220
(614) 229-3211
(614) 221-0479 (fax)

Bailey Cavalieri LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43220
(614) 221-3155
(614) 221-0479 (fax)

**MEMORANDUM IN SUPPORT**

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum of law in support of its motion to dismiss the Amended Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6).

**Preliminary Statement**

This is a suit on behalf of entities that allegedly perpetrated a massive fraud and who now seek to recover for the very losses that they caused. The Unencumbered Assets Trust of National Century Financial Enterprises, Inc. ("NCFE") and its trustee, Erwin I. Katz, Ltd. (together, the "Trustee") bring suit on behalf of two wholly-owned NCFE subsidiaries – NPF VI, Inc. and NPF XII, Inc. (together, the "NPF Funds"). As a bankruptcy trustee, the Trustee stands in the shoes of the NPF Funds, which, according to the Complaint, sold billions of dollars of allegedly worthless notes to investors. Holders of these allegedly worthless notes have brought separate actions seeking to recover substantially the same losses from substantially the same parties based on substantially the same claims. Remarkably, the lawyers that represent the Trustee here also represent noteholders in several of those separate actions.

This redundant and ill-founded action should be dismissed for at least the following reasons:

First, the Trustee lacks standing to pursue his claims. It is clear from the allegations in the Complaint that the Trustee is seeking to recover for losses suffered by investors who purchased notes from the NPF Funds rather than for any losses suffered by the NPF Funds themselves. The Trustee, standing in the shoes of the NPF Funds, sues NCFE's former auditors and other third parties for allegedly failing to stop the NPF Funds from defrauding noteholders, thereby making the NPF Funds liable to those noteholders for their losses. But it is well-settled that a bankruptcy trustee lacks standing to pursue claims against third parties for assisting the

management of a bankrupt entity in defrauding creditors. See Terlecky v. Hurd (In re Dublin Secs., Inc.), 197 B.R. 66, 70 (S.D. Ohio 1996), aff'd on other grounds, 133 F.3d 377 (6th Cir. 1997). Thus, the Trustee may not pursue claims for losses suffered by the noteholders, who are pursuing their own separate actions in any event.

Second, this action should be dismissed under the doctrine of *in pari delicto*. While the Complaint tries to characterize the NPF Funds as hapless innocents, the allegations leave no doubt that these entities were the vehicles for a massive fraud. The Trustee cannot claim that the NPF Funds were "pure as the driven snow, existing wholly separate and apart from the principals who created the entities for what has been determined to have been criminal purposes." Terlecky, 197 B.R. at 73 n.10. Permitting the Trustee to recover from third parties for allegedly assisting, or failing to stop, this fraud would allow the NPF Funds to benefit from their own wrongdoing, in violation of well-established equitable principles.

Third, the claims against PwC should be dismissed because the Complaint does not allege the required elements for any of the Trustee's claims:

- The Trustee's claims for fraud and negligent misrepresentation should be dismissed because the Trustee has not alleged – and cannot allege – justifiable reliance or causation since the owners and principals of the NPF Funds were obviously aware of their own fraud. (Section II.A., below.)

- The Trustee's fraud claim also fails because the Trustee cannot allege that PwC acted with fraudulent intent. The audited financial statements on which PwC reported disclosed the very information that the Trustee alleges was concealed.[1] (Section II.B., below.)

- The Trustee's aiding and abetting claims should be dismissed because the Trustee does not plead facts demonstrating that PwC knew about or substantially assisted any fraud.

---

1. Because the Complaint refers to the audited financial statements, they are properly before this Court for purposes of this motion. See Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997). The audited financial statements for the years ending December 31, 1995 to December 31, 1998 are submitted as the accompanying Exhibits A-D.

Besides the fact that PwC disclosed rather than concealed the information regarding related party transactions and indenture breaches, NCFE insiders have pleaded guilty to participating in a fraudulent scheme intended, inter alia, to mislead NCFE's auditors. (Section II.C., below.)

- The Trustee's conspiracy claim fails because the Trustee does not allege facts showing that PwC entered into any agreement to commit an unlawful act or met any of the other prerequisites for a conspiracy claim. (Section II.D., below.)
- The Trustee's "deepening insolvency" claim should be dismissed because no Ohio court has ever recognized such a cause of action. (Section II.E., below.)

Finally, to the extent that any of the Trustee's claims survive dismissal on the above grounds, the bulk of the Trustee's claims should be dismissed as untimely. The Complaint refers to conduct by PwC from 1995 to 1999, and apparently seeks damages suffered during this entire period. However, the applicable statutes of limitations bar the prosecution of any claims that arose before November 18, 1998. The Trustee's claims for alleged conduct or losses before that date should therefore be dismissed.

Defendant Deloitte & Touche LLP ("Deloitte") succeeded PwC as NCFE's auditor in 1999. The Trustee's primary allegations against each of the two auditing firms are substantially the same, and the primary grounds for dismissing those claims are also largely the same. These grounds are well-argued in Defendant Deloitte & Touche LLP's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint ("Deloitte's Memorandum of Law," or "Deloitte Mem."). For the sake of brevity, PwC refers to and incorporates the arguments and authorities set forth in Deloitte's Memorandum of Law as appropriate.

## Argument

### I. THE TRUSTEE CANNOT MAINTAIN THIS SUIT.

Two separate but related doctrines mandate dismissal of the Trustee's claims against PwC. First, the Trustee lacks standing to bring his claims against PwC because the only injury alleged is an injury to the NPF Funds' noteholders, who have already instituted actions against PwC in connection with NCFE. It is well-established that a trustee in bankruptcy cannot bring a claim on behalf of creditors, particularly a claim against a third party for allegedly assisting management in defrauding creditors. See Terlecky v. Hurd (In re Dublin Secs., Inc.), 197 B.R. 66, 70 (S.D. Ohio 1996), aff'd on other grounds, 133 F.3d 377 (6th Cir. 1997).

Second, the Trustee's claims are barred by the doctrine of *in pari delicto*, which the Sixth Circuit applied in affirming the dismissal of analogous claims asserted by a trustee in Terlecky v. Hurd (In re Dublin Secs., Inc.), 133 F.3d 377, 380 (6th Cir. 1997). The NPF Funds were, at all times, owned, operated, and controlled by the central players in the alleged fraudulent scheme. It would be inequitable to allow the Trustee to bring claims on behalf of these entities, which were the engines of the alleged fraud.

These arguments, and the authorities supporting them, are set forth more fully in Sections I and II of Deloitte's Memorandum of Law, which PwC hereby incorporates by reference.

### II. THE TRUSTEE FAILS TO STATE A CLAIM AGAINST PWC.

#### A. The Fraud And Negligence Claims Fail Because The Trustee Cannot Allege Justifiable Reliance Or Causation.

The Trustee's claims of fraud and negligent misrepresentation should be dismissed because the Complaint does not – and cannot – allege the necessary elements of justifiable reliance or causation. The very actions that the Trustee claims were concealed from the NPF Funds were actions of the NPF Funds themselves, by and through the conduct of their owners,

officers, and directors. The Trustee cannot allege that the NPF Funds relied on misstatements or omissions related to their own conduct, or that such alleged misstatements or omissions caused them any harm. This argument and the authorities supporting it are set forth more fully in Section III.A. of Deloitte's Memorandum of Law, which PwC hereby incorporates by reference.

**B. The Facts Alleged By The Trustee Do Not Show Fraudulent Intent.**

The Trustee's fraud claim should also be dismissed because the Complaint does not allege that PwC acted with fraudulent intent.

Most significantly, the audited financial statements on which PwC reported disclosed the very information that the Trustee alleges was concealed – that NCFE lent substantial amounts to related parties, that NCFE was "not in compliance with various provisions of the Trust Indentures," and that, while the trustees and noteholders had not declared a default, "no assurance" could be given that the breaches would be cured or that a default would not be declared. (Compare Am. Compl. ¶¶ 854-55, with Ex. D (1998 audited financial statements) at 15-16.)[2]

In the noteholder actions pending before this Court, the same lawyers who now argue that the disclosures were insufficient to alert the NPF Funds to the alleged fraud filed several complaints against the same defendants alleging the very opposite – that the disclosures in the audited financial statements did put the indenture trustees on notice of breaches of the indenture agreements and prohibited transactions and, indeed, that these very disclosures had to be

2. The audited financial statements contain similar disclosures in each of the years 1995, 1996, and 1997. (See Ex. A at 12 (1995); Ex. B at 12 (1996); Ex. C at 14 (1997).)

"concealed" from investors in order to "perpetuat[e] the fraud." (Chandler Compl. ¶ 205; State of Arizona Compl. ¶ 193; Crown Cork Compl. ¶ 188.)[3]

Additional arguments and authorities are set forth in Section III.B. of Deloitte's Memorandum of Law, which PwC hereby incorporates by reference.

**C. The Trustee's Aiding And Abetting Claims Should Be Dismissed.**

As set forth in Deloitte's Memorandum of Law (Deloitte Mem. at 21-22), even if Ohio recognized a claim for aiding and abetting, the Trustee has not adequately pleaded the elements of any such claim against PwC:

- The Complaint provides no basis to conclude that PwC knew about any fraud at NCFE, even assuming that the alleged fraud existed as far back as the time when PwC served as NCFE's auditor.
- Because the audited financial statements disclosed the fact that the NPF Funds were engaged in conduct that violated the indenture agreements,[4] the Complaint precludes any inference that PwC substantially assisted the fraud.
- Further contradicting any inference that PwC assisted the fraud are the admissions of three NCFE insiders that they participated in a fraudulent scheme that included the creation of falsified documents to mislead NCFE's auditors.[5]

---

3. References to "Chandler Compl." are to the Proposed Second Amended Complaint filed by the plaintiffs in City of Chandler, et al. v. Bank One, N.A., et al.; references to "State of Arizona Compl." are to the Proposed Second Amended Complaint filed by the plaintiffs in State of Arizona, et al. v. Credit Suisse First Boston Corp., et al.; references to "Crown Cork Compl." are to the Proposed First Amended Complaint filed by the plaintiffs in Crown Cork & Seal Company, Inc. Master Retirement Trust, et al. v. Credit Suisse First Boston Corp., et al. All these cases are pending before this Court in the multidistrict litigation, In re National Century Financial Enterprises, Inc., Investment Litigation, No. 2:03-MD-1565.

4. See footnote 2, above.

5. These three NCFE executives have pleaded guilty to federal criminal charges, admitting to conspiring with the owners and principals of NCFE – who were also officers and directors of the NPF Funds – to defraud investors through various means, including the creation of documents intended to mislead the auditors. (See Exhibits B, C, and D to Deloitte's Memorandum of Law.) The Court may consider court filings and other matters of public

This argument and the authorities supporting it are set forth more fully in Section III.C. of Deloitte's Memorandum of Law, which PwC hereby incorporates by reference.

**D. The Trustee Fails To State A Claim For Conspiracy.**

As set forth in Deloitte's Memorandum of Law, the Trustee has failed to make any but the most conclusory allegations with respect to PwC's participation in an alleged conspiracy. The conspiracy claim should therefore be dismissed. (Deloitte Mem. at 22-23.)

**E. The "Deepening Insolvency" Claim Is Without Merit.**

As set forth in Deloitte's Memorandum of Law, no Ohio court has ever recognized "deepening insolvency" as a separate cause of action. This claim is, at best, simply a measure of damages for the Trustee's other claims and should be dismissed as well. (Deloitte Mem. at 24.)

## III. VIRTUALLY ALL OF THE TRUSTEE'S CLAIMS AGAINST PWC ARE TIME-BARRED.

The Trustee's claims will be considered timely only if the statute of limitations on his claims had not already expired on November 18, 2002 – the time of the filing of the bankruptcy petition. See 11 U.S.C. §§ 108(a), 301 (West 2005). Nearly all of the Trustee's claims against PwC were already time-barred when the bankruptcy petition was filed.

**A. Claims Based On Negligence**

Under Ohio law, claims for an accountant's negligence are governed by the general four-year statute of limitations set forth in Ohio Rev. Code Ann. § 2305.09(D) (West 2005). See Investors REIT One v. Jacobs, 46 Ohio St. 3d 176, 180-81, 546 N.E.2d 206, 210 (1989). This strict four-year rule applies to all varieties of accountant negligence claims, regardless of whether the plaintiff labels them negligence, breach of fiduciary duty, breach of contract, or some other

---

record on this motion to dismiss. See New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003).

cause of action. See Helman v. EPL Prolong, Inc., 139 Ohio App. 3d 231, 248-49, 743 N.E.2d 484, 497-98 (2000) (applying four-year statute of limitations to breach of fiduciary duty claim); Fronczak v. Arthur Andersen, L.L.P., 124 Ohio App. 3d 240, 245-46, 705 N.E.2d 1283, 1287 (1997) (applying four-year statute of limitations to breach of contract claim that was simply a restatement of negligence claim); Philpott v. Ernst & Whinney, No. 61203, 1992 WL 357250, at *4 (Ohio Ct. App. Nov. 25, 1992) (same). There is no discovery rule applicable to accounting negligence claims. See Grant Thornton v. Windsor House, Inc., 57 Ohio St. 3d 158, 160-61, 566 N.E.2d 1220, 1222 (1991) (reaffirming Investors REIT decision and refusing to apply discovery rule to accountant negligence claims).

Given that the bankruptcy petition was filed on November 18, 2002, all negligence claims based on audit reports or other conduct prior to November 18, 1998 are time-barred. See Hater v. Gradison Div. of McDonald & Co. Secs., Inc., 101 Ohio App. 3d 99, 110, 655 N.E.2d 189, 196 (1995) (negligence claims filed more than four years after audit reports were time-barred); Fronczak, 124 Ohio App. 3d at 245, 705 N.E.2d at 1286 (negligence claims filed more than four years after accountant's appraisal report were time-barred). The Trustee repeatedly refers to PwC's conduct during its audits of NCFE's consolidated financial statements for the audit years 1995, 1996, and 1997. (Am. Compl. ¶¶ 903, 905, 912-25, 927-36, 939-43.) Because this conduct occurred more than four years before the bankruptcy petition was filed, the Trustee's claims based on this conduct are time-barred.

**B. Claims Based On Fraud**

Under Ohio Rev. Code Ann. § 2305.09(C), a plaintiff must file fraud claims within four years of the date it discovers, or in the exercise of reasonable diligence should have discovered,

the wrongdoing. See Investors REIT, 46 Ohio St. 3d at 181-82, 546 N.E.2d at 211-12.[6] "It is noteworthy that this standard does not require the victim of the alleged fraud to possess concrete and detailed knowledge, down to the exact penny of damages, of the alleged fraud; rather, the standard requires only facts sufficient to alert a reasonable person of the possibility of fraud." Palm Beach Co. v. Dun & Bradstreet, Inc., 106 Ohio App. 3d 167, 171, 665 N.E.2d 718, 720 (1995); see Craggett v. Adell Ins. Agency, 92 Ohio App. 3d 443, 454, 635 N.E.2d 1326, 1333 (1993) ("No more than a reasonable opportunity to discover the misrepresentation is required to start the period of limitations.").

As participants in the alleged fraud, the NPF Funds and their principals were on notice of the alleged fraud at all relevant times. Accordingly, as with the Trustee's other claims, the fraud claims based on conduct occurring before November 18, 1998 are time-barred and should be dismissed.

---

6. The same limitations period applies to all claims sounding in fraud, including the conspiracy and aiding and abetting claims. See Patterson v. Boardman Baptist Church, No. 99 C.A. 139, 2000 WL 1486644, at *3 (Ohio Ct. App. Sept. 27, 2000); Hollinghead v. Bey, No. L-99-1351, 2000 WL 1005205, at *9 (Ohio Ct. App. July 21, 2000).

## Conclusion

For the foregoing reasons, and those set forth in Deloitte's Memorandum of Law, all claims asserted against PricewaterhouseCoopers LLP in the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

s/ Dan L. Cvetanovich
by Tiffany C. Miller personal auth. 3/31/05
Dan L. Cvetanovich (0021980)
Trial Attorney for PricewaterhouseCoopers LLP
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43215-3422
Telephone: (614) 229-3291
Telefax: (614) 221-0479

Of Counsel:

William R. Maguire
Derek J.T. Adler
Sarah L. Cave
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
(212) 422-4726 (fax)

Tiffany C. Miller (0072881)
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43220
(614) 229-3211
(614) 221-0479 (fax)

Bailey Cavalieri LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43220
(614) 221-3155
(614) 221-0479 (fax)

CERTIFICATE OF SERVICE

I certify that the foregoing Defendant PricewaterhouseCoopers LLP's Motion to Dismiss the Amended Complaint was served on the other parties to this action by filing it with the Court's ECF system and also by sending a copy of it to each of the following by first class United States mail, postage prepaid, this 31st day of March 2005.

Brian Dickerson
Maguire & Schneider, LLP
250 Civic Center Drive, Suite 200
Columbus, Ohio 43215
**Attorney for Defendant Donald Ayers**

Thomas Rosenberg
Ulmer and Berne, LLP
88 East Broad Street, Suite 1600
Columbus, Ohio 43215-3581
**Attorneys for The Beacon Group, III Focus Value Fund**

Phillip Beck
Mark L. Levine
Andrew Goldman
Bartlit Beck Herman Palenchar & Scott
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
**Attorneys for Defendant Deloitte & Touche, LLP**

John E. Haller
Shumaker Loop & Kendrick, LLP
41 South High Street, Suite 2210
Columbus, Ohio 43215
**Attorneys for Defendants Lance Poulsen, Barbara Poulsen, Intercontinental Investment Associates; Healthcare Capital, LLC; Flohaz Partners, LLC; South Atlantic Investments, LLC; Thor Capital Holdings, LLC and Kachina, Inc.**

Michael A. Pearce
JPMorgan Chase Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081

William Chester Wilkinson
O. Judson Schaef, III
Thompson Hine LLP
10 West Broad Street, 7th Floor
Columbus, Ohio 43215
**Attorneys for JP Morgan Chase Bank**

Benjamin Zacks
33 South James Road, 3rd Floor
Columbus, Ohio 43213
**Attorney for Rebecca Parrett**

s/ Tiffany C. Miller
Tiffany C. Miller (0072881)