IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNENCUMBERED ASSET TRUST; AND Erwin I. KATZ, LTD., Trustee of the Unencumbered Assets Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK; BANK ONE, N.A.; CREDIT SUISSE FIRST BOSTON CORP.; CREDIT SUISSE FIRST BOSTON (USA), INC.; CREDIT SUISSE FIRST BOSTON, LLC; KAYE SCHOLER, LLP; PRICEWATERHOUSECOOPERS, LLP; PURCELL & SCOTT, CO., L.P.A.; THE BEACON GROUP III-FOCUS VALUE FUND L.P.; INTERCONTINTENTAL INVESTMENT ASSOCIATES; HEALTHCARE CAPITAL L.L.C.; FLOHAZ PARTNERS L.L.C.; SOUTH ATLANTIC INVESTMENTS, L.L.C.; THOR CAPITAL HOLDINGS L.L.C.; KACHINA INC.; LANCE K. POULSEN; BARBARA L. POULSEN; DONALD H. AYERS; REBECCA S. PARRETT; and TASK HOLDINGS LTD.,<br><br>Defendants. | ) | Civil Action No.: C2-04-1090<br><br>JUDGE JAMES L. GRAHAM<br><br>MAGISTRATE JUDGE ABEL<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**<u>DEFENDANT, PURCELL & SCOTT, CO., L.P.A.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendant Purcell & Scott, Co., L.P.A. ("Purcell & Scott"), respectfully submits this motion seeking an order dismissing all of the claims asserted against it, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The basis for this motion is set forth in the accompanying Memorandum of Law. In an effort to consolidate briefing, Purcell & Scott, where indicated, incorporates by reference arguments set forth in other defendants' motions to dismiss.

Dated: December 6, 2005

Respectfully submitted,

/s/ Matthew L. Fornshell
Matthew L. Fornshell (0062101)
SCHOTTENSTEIN, ZOX & DUNN, CO. LPA
250 West Street
Columbus, Ohio 43215-2538
(614) 462-2700
(614) 462-5135 Facsimile

*Attorney for Defendant Purcell & Scott, Co., L.P.A.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE UNENCUMBERED ASSET TRUST; AND Erwin I. KATZ, LTD., Trustee of the Unencumbered Assets Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK; BANK ONE, N.A.; CREDIT SUISSE FIRST BOSTON CORP.; CREDIT SUISSE FIRST BOSTON (USA), INC.; CREDIT SUISSE FIRST BOSTON, LLC; KAYE SCHOLER, LLP; PRICEWATERHOUSECOOPERS, LLP; PURCELL & SCOTT, CO., L.P.A.; THE BEACON GROUP III-FOCUS VALUE FUND L.P.; INTERCONTINTENTAL INVESTMENT ASSOCIATES; HEALTHCARE CAPITAL L.L.C.; FLOHAZ PARTNERS L.L.C.; SOUTH ATLANTIC INVESTMENTS, L.L.C.; THOR CAPITAL HOLDINGS L.L.C.; KACHINA INC.; LANCE K. POULSEN; BARBARA L. POULSEN; DONALD H. AYERS; REBECCA S. PARRETT; and TASK HOLDINGS LTD.,<br><br>Defendants. | ) | Civil Action No.: C2-04-1090<br><br>JUDGE JAMES L. GRAHAM<br><br>MAGISTRATE JUDGE ABEL<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PURCELL & SCOTT, CO., L.P.A.'S MOTION TO DISMISS THE UNENCUMBERED ASSETS TRUST'S SECOND AMENDED COMPLAINT</u>**

Matthew L. Fornshell (0062101)
SCHOTTENSTEIN, ZOX & DUNN, CO., L.P.A.
250 West Street
Columbus, Ohio 43215-2538
(614) 462-2700
(614) 462-5135 Facsimile

*Attorney for Defendant Purcell & Scott, Co., L.P.A.*

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF ALLEGATIONS AGAINST PURCELL & SCOTT | 3 |
| III. | THE UAT'S CLAIMS ARE BARRED BY THE DOCTRINE OF IN PARI DELICTO | 4 |
| IV. | THE UAT LACKS STANDING TO ASSERT ANY OF THE ALLEGED CLAIMS AGAINST PURCELL & SCOTT | 6 |
| | A. Standing Requirement Under Rule 12(b)(1) | 6 |
| | B. The UAT Lacks Standing Because Legal Malpractice Claims Are Not Assignable | 6 |
| | C. The UAT Lacks Standing Because the Principals, Officers, Directors and Shareholders of the Debtors Allegedly Orchestrated the Fraud | 10 |
| | D. The UAT Does Not Have Standing to Sue on Behalf of the Noteholders | 11 |
| V. | THE UAT'S SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST PURCELL & SCOTT | 12 |
| | A. The Standard for Granting a Motion to Dismiss under Rule 12(b)(6) | 12 |
| | B. The UAT's Second Amended Complaint Fails to State a Claim for Breach of Fiduciary Duty against Purcell & Scott | 13 |
| | C. The UAT's Second Amended Complaint Fails to State a Claim for Aiding and Abetting Breach of Fiduciary Duty Against Purcell & Scott | 16 |
| VI. | THE SECOND AMENDED COMPLAINT DOES NOT STATE A BASIS FOR WHICH PUNITIVE DAMAGES CAN BE ASSESSED AGAINST PURCELL & SCOTT | 18 |
| VII. | CONCLUSION | 19 |
| | Certificate of Service | 19 |

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519 (6th Cir. 2000) ........ 17
*Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460 (7th Cir. 1999) ........ 6
*Arcanum Nat'l Bank v. Hessler*, 433 N.E. 2d 204 (Ohio 1982) ........ 4
*Armstrong v. McAlpin*, 699 F.2d 79 (2nd Cir. 1983) ........ 17
*Bank IV Wichita, Nat'l Ass'n v. Arn, Mullins, Unruh, Kuhn & Wilson*, 827 P.2d 758 (Kan. 1992) ........ 8
*Barstow v. Waller*, No. 04CAS, 2004 WL 2427396 (Ohio App. 4th Dist. Oct. 26, 2004) ........ 14
*Begala v. PNC Bank, Ohio Nat'l Ass'n*, 214 F.3d 776 (6th Cir. 2000) ........ 12
*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) ........ 2, 10
*Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2nd Cir. 1985) ........ 17
*Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin*, 828 P.2d 745 (Alaska 1992) ........ 8
*Can Do, Inc. Pension and Profit Sharing Plan v. Manier, Herod, Hollabaugh & Smith*, 922 S.W.2d 865 (Tenn. 1996), *cert. denied*, 519 U.S. 929 (1996) ........ 9
*Capitol Indem. Corp. v. Fleming*, 58 P.3d 965 (Ariz. App. Div. 2, 2002) ........ 8
*Chaffee v. Smith*, 645 P.2d 966 (Nev. 1982) ........ 9
*Cmty First State Bank v. Olsen*, 587 N.W.2d 364 (Neb. 1998) ........ 9
*Coffey v. Jefferson County Bd. of Educ.*, 756 S.W.2d 155 (Ky. App. 1988) ........ 8
*Collopy v. Gardiner*, No. CA85-08-057, 1986 Ohio App. LEXIS 6284 (Ohio App. 12th Dist. Apr. 7, 1986) ........ 17
*Compston v. Holzapfel* CA90-08-079, 1991 Ohio App. LEXIS 3344 (Ohio App. 12th Dist. July 15, 1991) ........ 14
*Decker v. Massey-Ferguson*, 681 F.2d 111 (2nd Cir. 1983) ........ 17
*Delaware CWC Liquidation Corp. v. Martin*, 584 S.E.2d 473 (W.Va. 2003) ........ 9
*Edwards & Hanly v. Well Fargo Securities Clearance Corp.*, 602 F.2d 478 (2nd Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980) ........ 17
*Endicott v. Johrendt*, No. 99AP-935, 2000 Ohio App. LEXIS 2697 (Ohio App. 10th Dist. June 22, 2000) ........ 14
*Erickson v. Misny*, No. 69213, 1996 WL 239883 (Ohio App. 8th Dist. May 9, 1996), *appeal denied*, 77 Ohio St.3d 1480 (1996) ........ 13
*Freeman v. Basso*, 128 S.W.3d 138 (Mo. App. 2004) ........ 9
*Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003) ........ 13
*General Cable Corp. v. Highlander*, No. 1:05-cv-00083, 2005 U.S. Dist. LEXIS 27810 (S.D. Ohio Nov. 2, 2005) ........ 16
*Goodley v. Wank & Wank, Inc.*, 133 Cal. Rptr. 83 (Cal. App. 2 Dist. 1976) ........ 7, 8, 9
*Great Central Ins. Co. v. Tobias*, 524 N.E.2d 168 (Ohio 1988) ........ 16, 17
*Grindstaff v. Green*, 133 F.3d 416 (6th Cir. 1998) ........ 13
*Gurski v. Rosenblum*, 838 A.2d 1090 (Conn. Super. 2003) ........ 8
*In re D.H. Overmeyer Telecasting Co., Inc.* 47 B.R. 823 (Bankr. N.D. Ohio 1985) ........ 17
*In re Donahue Sec., Inc.*, 318 B.R. 667 ........ 5
*In re Donahue Securities, Inc.*, 304 B.R. 797 (Bankr. S.D. Ohio 2003) ........ 5
*In re Dublin Sec., Inc.*, 133 F.3d 377 (6th Cir. 1997) *cert. denied*, 525 U.S. 812 (1998) ........ 1
*In re Dublin Securities, Inc.*, 197 B.R. 66 (S.D. Ohio 1996) *Aff'd on other grounds* 133 F.3d 377 (6th Cir. 1997) ........ 11, 12

*Javitch v. First Union Sec., Inc.*, 315 F.3d 619 (6th Cir. 2003) ........ 11
*Jenkins v. Talda*, No. 95APE03-325, 1995 WL 571453 (Ohio App. 10th Dist. Sept. 29, 1995) ........ 13
*Jones v. City of Lakeland*, 175 F.3d 410 (6th Cir. 1999) ........ 6
*Kiley v. Jennings, Strouss & Salmon*, 927 P.2d 796 (Ariz. App. Div. 1, 1996) ........ 10
*Kommavongsa v. Haskell*, 67 P.3d 1068 (Wash. 2003) ........ 9
*Leski v. Ricotta*, No. 83600, 2004 WL 1232536 (Ohio App. 8th Dist. June 3, 2004) ........ 10
*Lipsman v. Sec'y of the Army*, 257 F. Supp.2d 3 (D.D.C., 2003) ........ 6
*LRL Props. v. Portage Metro. Hous. Auth.*, 55 F.3d 1097 (6th Cir. 1995) ........ 13
*Lucas v. J.H. Gross Car Co.*, 161 N.E. 362 (1927) ........ 6, 8
*Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993) ........ 12
*McKenzie v. Berggren*, No. 02-2108, 2004 U.S. App. LEXIS 9995 (6th Cir. 2004) ........ 14
*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266 (6th Cir. 1990) ........ 6
*Moorhouse v. Ambassador Insurance Co., Inc.*, 383 N.W.2d 219 (Mich. App. 1985) ........ 9
*Muir v. Hadler Real Estate Mgmt. Co.*, 446 N.E.2d 820 (Ohio App. 10th Dist. 1982) ........ 10, 13
*Omlin v. Kaufman & Cumberland Co., LPA*, Nos. 00-4003, 00-4142, 2001 U.S. App. LEXIS 8814 (6th Cir. May 1, 2001) ........ 2
*Roberts v. Holland & Hart*, 857 P.2d 492 (Colo. App. 1993) ........ 8
*Rosby Corp. v. Townsend, Yosha, Cline & Price*, 800 N.E.2d 661 (Ind. App. 2003) ........ 8
*S.E.C. v. Coffey*, 493 F.2d 1304 (6th Cir. 1974) ........ 18
*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) ........ 12
*Sparagowski v. Williams*, No. L-80-064, 1980 WL 150172 (Ohio App. 6th Dist. Jul. 25, 1980) ........ 6, 8
*Spencer v. McGill*, 622 N.E.2d 7 (Ohio App. 8th Dist. 1993) ........ 14
*Starchroom Publ'g Co. v. Threlkeld Engr. Co.*, 13 Ohio App. 281 (1920) ........ 7, 8
*Stock v. Fife*, 430 N.E.2d 845, (Mass. App. Ct. 1982) *cert. denied* (1982), 441 N.E.2d 1043 (1982) ........ 17
*Swankowski v. Diethelm*, 129 N.E.2d 182 (Ohio App. 6th Dist. 1953) ........ 15
*Thompson v. Karr*, 4 F.Supp.2d 731 (N.D. Ohio 1998) ........ 13
*United States v. Peterson*, 188 F.3d 510 (6th Cir. 1999) ........ 4
*Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982) ........ 6
*Wagener v. McDonald*, 509 N.W.2d 188 (Minn. App. 1993) ........ 9
*Weiss v. Leatherberry*, 863 So.2d 368 (Fla. App. 1st Dist. 2003) ........ 8


**Other Authorities**


§876(b) of the Restatement (Second) of Torts (1979) ........ 16, 17
6 Ohio Jur.3d 166 ........ 8
*Mallen & Smith, Legal Malpractice*, §7.12 (2005 ed.) ........ 12


**Rules**


Fed. R. Civ. P. 12(b)(1) ........ 1, 2, 6, 10, 11
Fed. R. Civ. P. 12(b)(6) ........ 1, 2, 12


**State Statutes**


Ohio Rev. Code §2305.11 ........ 13

Defendant Purcell & Scott, Co., L.P.A. ("Purcell & Scott") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint of the Unencumbered Assets Trust and its Trustee, Erwin Katz (collectively, the "UAT" or "Plaintiffs") under the doctrine of *in pari delicto,* for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

The UAT is a post-confirmation trust established to pursue certain legal claims assigned and transferred to it by NPF VI, Inc. ("NPF VI") and NPF XII, Inc. ("NPF XII"). NPF VI and NPF XII are wholly owned affiliates of National Century Financial Enterprises, Inc. ("NCFE"). (NCFE, NPF VI and NPF XII are collectively referred to herein as the "Debtors.") In its Second Amended Complaint, the UAT seeks to impute the allegedly fraudulent conduct of the Debtors and its principals, controlling officers, directors and shareholders, to a variety of outside professionals, including Purcell & Scott.

Purcell & Scott was one of several outside law firms that provided certain legal services to the Debtors. At its essence, the UAT's complaint alleges that Purcell & Scott learned of its clients' fraud in the course of representing the Debtors; failed to stop the alleged fraud; and therefore, is responsible for its clients' fraud. The UAT's reasoning defies logic, common sense, and most importantly, law. The UAT's complaint suffers from numerous incurable defects which provide this Court with abundant bases upon which to dismiss this complaint. Specifically, the UAT acknowledges in its complaint that the fraudulent scheme was orchestrated by the principals, officers, directors and shareholders that controlled the Debtors is sufficient under the doctrine of *in pari delicto* to dismiss the claims against Purcell & Scott. *See In re Dublin Sec., Inc.,* 133 F.3d 377 (6th Cir. 1997) *cert. denied,* 525 U.S. 812 (1998).

The UAT states that all of its claims are brought "on behalf of" the Debtors. (2nd Am. Compl. at ¶8). However, the UAT lacks standing to bring any claims against Purcell & Scott because Ohio law forbids assignment of claims arising from the attorney-client relationship. Even if the UAT were entitled to bring claims on the Debtors' behalf, the UAT only would have standing to assert claims against Purcell & Scott which the Debtors could have brought themselves. The claims asserted against Purcell & Scott relate to alleged omissions in certain documents in connection with offerings of the NPF VI and NPF XII notes made to potential purchasers. (2nd Am. Compl. at ¶¶ 1156, 1164 and 1169). Thus, to the extent any claims exist at all, and Purcell & Scott denies that any claims exist, such claims against Purcell & Scott could only be asserted by purchasers of the notes. Because the UAT lacks the prerequisite standing, subject matter jurisdiction is absent and the claims against Purcell & Scott should be dismissed pursuant to Rule 12(b)(1). *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-48 (1986) (holding that the respondent lacked standing to appeal, and therefore, the Court of Appeals lacked subject matter jurisdiction).

Finally, the UAT's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty constitute claims for legal malpractice under Ohio law. Therefore, the breach of fiduciary duty and aiding and abetting breach of fiduciary claims are subsumed under the malpractice claim and should be dismissed as duplicative. *See Omlin v. Kaufman & Cumberland Co., LPA,* Nos. 00-4003, 00-4142, 2001 U.S. App. LEXIS 8814 (6th Cir. May 1, 2001). Additionally, the UAT's complaint fails to state a claim for aiding and abetting breach of fiduciary duty by failing to allege the necessary elements. Therefore, these claims should be dismissed under the doctrine of *in pari delicto,* for lack of standing and for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6).

## II. SUMMARY OF ALLEGATIONS AGAINST PURCELL & SCOTT[1]

The UAT's complaint alleges that Purcell & Scott acted as outside legal counsel for NCFE and affiliates, including NPF VI and NPF XII, from April 1995 through the time that the Debtors filed for bankruptcy in November 2002. (2nd Am. Compl. at ¶¶1144-1145). The claims asserted against Purcell & Scott all are predicated on the law firm's alleged knowledge of facts it allegedly learned during the course of its representation of the Debtors.

Purcell & Scott allegedly participated in the drafting of documents, including the formation documents for NPF VI and NPF XII and the documents that governed the operations of NPF VI and NPF XII such as: Master Indentures, Supplemental Indentures, Sales and Subservicing Agreements, Private Placement Memoranda and Supplemental Private Placement Memoranda. (2nd Am. Compl. at ¶1147). Purcell & Scott also allegedly provided legal advice regarding the NPF VI and NPF XII securitization programs. (2nd Am. Compl. at ¶1148). The UAT alleges, in conclusory terms, that Purcell & Scott did not provide competent representation to the Debtors. (2nd Am. Compl. at ¶¶1149-1150).

As an alleged participant in the drafting of documents governing the operations of NPF VI and NPF XII, the UAT claims that Purcell & Scott was aware of certain terms, limitations and obligations within those documents. (2nd Am. Compl. at ¶1151). Purcell & Scott allegedly knew that such terms, limitations and obligations were not observed by the Debtors. (2nd Am. Compl. at ¶1152). Specifically, the UAT alleges that Purcell & Scott was aware of the following deviations from the documents governing the operation of NPF VI and NPF XII:

- NPF VI and NPF XII were prohibited from withdrawing funds from the equity accounts on a date other than the first business day of each month.[2] (2nd Am.

[1] Purcell & Scott denies any allegation of wrongdoing, but recognizes that for purposes of this Motion to Dismiss it must assume that the Plaintiff's "well-pleaded" allegations are true.

Compl. at ¶1153). Allegedly, by November 2000, Purcell & Scott was aware that this limitation was being violated and participated in the furthering of the scheme by authoring, or participating in the authorship of documents, that materially misrepresented the true circumstances concerning the operation of NPF VI and NPF XII. (2nd Am. Compl. at ¶¶1153 and 1156).

- NPF VI and NPF XII were only permitted to purchase eligible receivables sold by qualified health care providers within the programs. (2nd Am. Compl. at ¶1158). Allegedly, by 1998, Purcell & Scott was aware that this limitation was being disregarded. The UAT claims that Purcell & Scott helped conceal this information by authoring or participating in the authorship of documents that materially misrepresented the true circumstances concerning the operations of NPF VI and NPF XII. (2nd Am. Compl. at ¶1164).

- Purcell & Scott allegedly failed to force the disclosure of allegedly prohibited related party transactions. (2nd Am. Compl. at ¶¶1166-1171).

- Purcell & Scott allegedly was aware that receivables within NPF VI and NPF XII were being "frozen." (2nd Am. Compl. at ¶1173). The UAT argues that Purcell & Scott helped to conceal this information. (2nd Am. Compl. at ¶1175).

Based on this alleged conduct, the UAT argues that Purcell & Scott committed legal malpractice, breached its fiduciary duty to NPF VI and NPF XII and aided and abetted the Debtors' officers and directors in a breach of their fiduciary duty to NPF VI and NPF XII.

## III. THE UAT'S CLAIMS ARE BARRED BY THE DOCTRINE OF *IN PARI DELICTO*

The Second Amended Complaint admits that the Debtors' principals, officers and directors orchestrated and executed the allegedly fraudulent scheme. Under the doctrine of *in pari delicto* the wrongdoing of a corporation's principals, officers, directors and shareholders is directly attributed to the corporation. *See Arcanum Nat'l Bank v. Hessler,* 433 N.E. 2d 204, 211 (Ohio 1982) ("the knowledge of the officers of a corporation is at once the knowledge of the corporation"); *United States v. Peterson,* 188 F.3d 510 (6th Cir. 1999) (holding that crimes of a

[2] There were certain circumstances that permitted withdrawals from the equity accounts on days other than the first business day of the month. (2nd Am. Compl. at ¶1153). Allegedly, Purcell & Scott was aware that these certain circumstances were inapplicable. (2nd Am. Compl. at ¶1153).

corporation's management are imputed to the corporation). Thus, the Debtors are barred from bringing claims against third parties, such as Purcell & Scott, for their alleged participation.

Assuming the Debtors' assignment of claims to the UAT were valid (which it is not, *see infra,* Section IV.B.), the UAT stands in the shoes of its purported assignors, the Debtors, and remains subject to defenses that would lie against the Debtors themselves. Specifically, the Debtors are charged with the knowledge and wrongful conduct of their principals, officers, directors and shareholders. *See In re Donahue Sec., Inc.,* 318 B.R. 667, 677("this Court has previously determined that the Trustee stands in the shoes of [the debtor], ... and as such is barred from bringing a claim for negligence against a third party under the doctrine of *in pari delicto.*" *Citing In re Donahue Securities, Inc.,* 304 B.R. 797 (Bankr. S.D. Ohio 2003).

In an attempt to escape the *in pari delicto* defense, the UAT portrays NPF VI and NPF XII as victims of the alleged fraud. The UAT is asking this Court to disregard the admitted fact that the controlling officers of the Debtors were engaged in a massive fraud while acting on behalf of NCFE, and to indulge the fiction that these very same controlling officers acted innocently when acting on behalf of NPF VI and NPF XII. The alleged fraudulent acts of the controlling officers must be imputed to all the NCFE entities, including NPF VI and NPF XII. Therefore, as a matter of law, the doctrine of *in pari delicto* requires dismissal of all the claims asserted against Purcell & Scott.

In further support of the argument that the UAT's complaint should be dismissed under the doctrine of *in pari delicto*, Purcell & Scott incorporates by reference herein Section IV, pages 9-19, of the Memorandum of Law in Support of The Motion to Dismiss of JPMorgan Chase Bank, N.A. the Unencumbered Assets Trust's Amended Complaint filed on March 31, 2005.[3]

---

[3] Attached as Exhibit A.

## IV. THE UAT LACKS STANDING TO ASSERT ANY OF THE ALLEGED CLAIMS AGAINST PURCELL & SCOTT

### A. Standing Requirement Under Rule 12(b)(1)

Standing is a prerequisite to a court's power to entertain a lawsuit. *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). When a challenge to standing is raised in a motion to dismiss, it proceeds pursuant to Rule 12(b)(1). *Lipsman v. Sec'y of the Army,* 257 F. Supp.2d 3 (D.D.C., 2003). Under Rule 12(b)(1) the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Jones v. City of Lakeland,* 175 F.3d 410, 413 (6th Cir. 1999 *citing Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "If the plaintiff cannot establish standing to sue, relief is not possible, and dismissal under Rule 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen,* 171 F.3d 460, 465 (7th Cir. 1999).

### B. The UAT Lacks Standing Because Legal Malpractice Claims Are Not Assignable

Because legal malpractice and related claims are not assignable under Ohio law, the UAT lacks standing to assert its claims against Purcell & Scott.[4]

A cause of action arising out of a contract to render professional or personal services or those that involve a relationship of personal confidence and that involve the rendition of skill or competence is not transferable or assignable under applicable Ohio law. This includes a cause of action for legal malpractice. *Sparagowski v. Williams,* No. L-80-064, 1980 WL 150172, at *3 (Ohio App. 6th Dist. Jul. 25, 1980), *citing Lucas v. J.H. Gross Car Co.*, 161 N.E. 362 (1927);

---

[4] Purcell & Scott previously briefed this same issue for this Court in its briefs on appeal from the Debtors' plan confirmation, Case No: 2:04-cv-489. Purcell & Scott's Brief and Reply Brief in that proceeding were filed on October 13, 2005 and November 14, 2005, respectively, and the appeal remains pending. Purcell & Scott now includes its challenge to assignability in this Brief as well, in the event that these issues are not disposed of in the plan confirmation appeal.

*Starchroom Publ'g Co. v. Threlkeld Engr. Co.*, 13 Ohio App. 281 (1920); 6 Ohio Jur.3d 166, 167.

The Ohio cases and cases from other jurisdictions (as noted below) conclude that as a matter of law and public policy, legal malpractice claims are not assignable due to the highly personal and confidential nature of legal services and the attorney-client relationship. By far, the majority of courts that have passed on this issue have concluded that legal malpractice claims are not assignable.

The seminal case on whether legal malpractice actions can be assigned is *Goodley v. Wank & Wank, Inc.*, 133 Cal. Rptr. 83 (Cal. App. 2 Dist. 1976). The *Goodley* court held that a chose in action for legal malpractice was not assignable due to important public policy concerns:

> It is the unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship that invoke public policy considerations in our conclusion that malpractice claims should not be subject to assignment. The assignment of such claims could relegate the legal malpractice action to the market place and convert it to a commodity to be exploited and transferred to economic bidders who have never had a professional relationship with the attorney and to whom the attorney never had any prior connection with the assignor or his rights. The commercial aspect of assignability of choses of action arising out of legal malpractice is rife with probabilities that could only debase the legal profession. The almost certain end result of business of factoring malpractice claims which would encourage unjustified lawsuits against members of the legal profession, generate an increase in legal malpractice litigation, promote champtery and force attorneys to defend themselves against strangers. The endless complications and litigious intricacies arising out of such commercial activities would place an undue burden on not only the legal profession but the already overburdened judicial system, restrict the availability of competent legal services, embarrass the attorney-client relationship and imperil the sanctity of the highly confidential and fiduciary relationship existing between attorney and client.

133 Cal. Rptr. at 87.

An Ohio court has cited *Goodley* with approval in holding that legal malpractice claims are not assignable. *Sparagowski,* 1980 WL 150172, at *3("A cause of action running in favor of a person or corporation for legal malpractice is not transferable or assignable."). The *Sparagowski* court also relied on longstanding Ohio law that "contract to render professional or personal services, or those that involve a relationship of personal confidence and which involve rendition of skill or competence, are not transferable or assignable." 1980 WL 150172 at *3 (*citing Lucas*, 32 Ohio App. 183; and *Starchroom*, 13 Ohio App. 281).

Numerous other jurisdictions have followed the reasoning of *Goodley* and have held that legal malpractice claims are not assignable under any circumstance. *See, e.g., Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin,* 828 P.2d 745 (Alaska 1992)(legal malpractice claims are not assignable under any circumstance); *Capitol Indem. Corp. v. Fleming,* 58 P.3d 965 (Ariz. App. Div. 2, 2002)(recognizing that assignment of legal malpractice claims violates public policy and is a Pandora's box that cannot be opened); *Roberts v. Holland & Hart,* 857 P.2d 492 (Colo. App. 1993)(legal malpractice claims are not assignable because they are personal in nature and assignment would conflict with attorney's ethical duties); *Gurski v. Rosenblum,* 838 A.2d 1090 (Conn. Super. 2003) (legal malpractice is a personal tort that cannot be assigned); *Weiss v. Leatherberry,* 863 So.2d 368 (Fla. App. 1st Dist. 2003) (legal malpractice claims is non assignable because it is personal to the client); *Rosby Corp. v. Townsend, Yosha, Cline & Price,* 800 N.E.2d 661 (Ind. App. 2003) (assignment of legal malpractice claims barred as antithetical to legal profession, the court system and the public); *Bank IV Wichita, Nat'l Ass'n v. Arn, Mullins, Unruh, Kuhn & Wilson,* 827 P.2d 758 (Kan. 1992) (public policy concerns bar assignment of legal malpractice claims); *Coffey v. Jefferson County Bd. of Educ.,* 756 S.W.2d 155 (Ky. App. 1988) (legal malpractice is a class of chose in action that is not assignable on

public policy grounds); *Moorhouse v. Ambassador Insurance Co., Inc.*, 383 N.W.2d 219 (Mich. App. 1985) (legal malpractice claims are not assignable because of the personal nature of the attorney-client relationship); *Wagener v. McDonald,* 509 N.W.2d 188 (Minn. App. 1993) (attorney-client considerations and unique nature of attorney services bar assignment of legal malpractice claims); *Freeman v. Basso*, 128 S.W.3d 138 (Mo. App. 2004) (Bankruptcy trustee cannot assign legal malpractice claims because such an assignment is barred by state law); *Cmty First State Bank v. Olsen,* 587 N.W.2d 364 (Neb. 1998) (assignment of legal malpractice claims is void in its entirety because it violates public policy); *Chaffee v. Smith,* 645 P.2d 966 (Nev. 1982) (public policy bars assignment of legal malpractice claims); *Can Do, Inc. Pension and Profit Sharing Plan v. Manier, Herod, Hollabaugh & Smith,* 922 S.W.2d 865 (Tenn. 1996), *cert. denied,* 519 U.S. 929 (1996)(assignability of choses in action arising out of legal malpractice is rife with probabilities that could only debase the profession of law); *Kommavongsa v. Haskell,* 67 P.3d 1068 (Wash. 2003) (public policy forbids assignment of legal malpractice claims); *Delaware CWC Liquidation Corp. v. Martin,* 584 S.E.2d 473 (W.Va. 2003) (permitting assignment of legal malpractice claims would cause endless complications and litigious intricacies that placed undue burden on legal system).

Further policy reasons not originally expounded upon in *Goodley* also militate against assignablity of legal malpractice claims. Most importantly, allowing an assignment of legal malpractice claims will have a chilling effect on an attorney's zealous representation of the client. "The danger is that the attorney's independent judgment in representing the client will suffer from diminished loyalty, dedication and zeal because of concern about an adversary later suing as an assignee." *Mallen & Smith, Legal Malpractice,* §7.12 (2005 ed.). It is not necessary for an adversary to be involved to render an assignment invalid. Fiduciary duties to the client

can still be negatively affected if a client's claim is asserted by a trust, and such purported assignment is invalid. *See, Kiley v. Jennings, Strouss & Salmon,* 927 P.2d 796, 801 (Ariz. App. Div. 1, 1996) (reasoning that "any assignment of a legal malpractice claim to a trust or other entity would negate the attorney's duty since the trust was not the client.").

The malpractice claims against Purcell & Scott arise from the attorney-client relationship between Purcell & Scott and the Debtors. Assignment of the malpractice claim is barred under the well established principles discussed above. This is so even if the malpractice claims are not denominated as "legal malpractice." *Leski v. Ricotta,* No. 83600, 2004 WL 1232536, at ¶10 (Ohio App. 8th Dist. June 3, 2004). "An action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305,11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." *Muir v. Hadler Real Estate Mgmt. Co.*, 446 N.E.2d 820, 822 (Ohio App. 10th Dist. 1982). Accordingly, Ohio law bars assignment of the claims for "Negligence/Professional Malpractice," "Breach of Fiduciary Duty," and "Aiding and Abetting Breach of Fiduciary Duty," which the UAT brings against Purcell & Scott in Counts XLIX, L and LI of its Second Amended Complaint.

Because the Debtors lack standing to bring their claims against Purcell & Scott, subject matter jurisdiction is absent and the claims against Purcell & Scott should be dismissed pursuant to Rule 12(b)(1). *Bender*, 475 U.S. at 541 (defect in standing destroys subject matter jurisdiction).

### C. The UAT Lacks Standing Because the Principals, Officers, Directors and Shareholders of the Debtors Allegedly Orchestrated the Fraud

The UAT is a post-confirmation trust established to pursue certain legal claims assigned and transferred to it by NPF VI and NPF XII. Thus, even if its claims were assignable, the UAT

would stand in the shoes of the Debtors and could assert only those claims that the Debtors themselves would have been able to assert. *See Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 625 (6th Cir. 2003) (a party bringing a claim on behalf of the debtor stands in the debtor's shoes and lacks standing unless the debtor could have brought the same action).

The UAT lacks standing because the Debtors' principals, officers, directors and shareholders orchestrated the fraud. As discussed, the Debtors themselves cannot assert a cause of action against Purcell & Scott under the doctrine of *in pari delicto*. Since the Debtors are barred from asserting claims against Purcell & Scott under the doctrine of *in pari delicto*, no claim exists against Purcell & Scott that could be assigned to the UAT. Therefore, subject matter jurisdiction is absent and the claims against Purcell & Scott must be dismissed pursuant to Rule 12(b)(1).

As further support Purcell & Scott incorporates by reference herein Section II C., "The Plaintiffs Also Lack Standing Because the Founders Are Alleged to Have Been Involved in the Purported Wrongdoing," pages 19-21, of the Memorandum of Law in Support of Defendant Kaye Scholer, LLP's Motion to Dismiss the Unencumbered Assets Trust's Amended Complaint filed on March 31, 2005.[5]

### D. The UAT Does Not Have Standing to Sue on Behalf of the Noteholders

The UAT complaint asserts claims against Purcell & Scott relating to alleged omissions in certain documents in connection with offerings of the Debtors' notes made to potential purchasers. To the extent the claims exist at all, and Purcell & Scott denies that any claims exist, the claims could only be asserted against Purcell & Scott by purchasers of the notes. (2nd Am. Compl. at ¶¶ 1156, 1164 and 1169). *See In re Dublin Securities, Inc.*, 197 B.R. 66, 73 (S.D.

[5] Attached as Exhibit B.

Ohio 1996) *Aff'd on other grounds* 133 F.3d 377 (6th Cir. 1997) (the court dismissed the case for lack of standing stating "[w]hatever claims the debtor entities may have for malpractice are strictly vis-à-vis the injury suffered by the defrauded investors"). Since the Debtors could not have asserted claims against Purcell & Scott arising out of alleged omissions in the note offering documents there was no claim to assign to the UAT, and therefore, the UAT lacks standing to bring a cause of action against Purcell & Scott based on alleged omissions in the Debtors' note offering documents.

As further support, Purcell & Scott incorporates by reference herein Section II B. "The Plaintiffs Lack Standing Despite Their Attempts to Disguise The Investors' Claims As Their Own Claims For Professional Negligence," pages 18-19, of the Memorandum of Law in Support of Defendant Kaye Scholer, LLP's Motion to Dismiss the Unencumbered Assets Trust's Amended Complaint filed on March 31, 2005.[6]

## V. THE UAT'S SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST PURCELL & SCOTT

### A. The Standard for Granting a Motion to Dismiss under Rule 12(b)(6)

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993). To survive a motion to dismiss, a complaint must include "direct or inferential allegations regarding every material element to sustain recovery under some viable legal theory." *Begala v. PNC Bank, Ohio Nat'l Ass'n,* 214 F.3d 776, 779 (6th Cir. 2000); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). In determining whether a complaint satisfies this standard, the Court should accept all factual allegations as true, but need not accept "legal conclusions or unwarranted factual inferences."

---

[6] Attached as Exhibit C.

*Gean v. Hattaway,* 330 F.3d 758, 765 (6th Cir. 2003) (*citing Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998). In fact, "conclusory allegations" are insufficient to survive a motion to dismiss. *LRL Props. v. Portage Metro. Hous. Auth.,* 55 F.3d 1097, 1103-04 (6th Cir. 1995).

### B. The UAT's Second Amended Complaint Fails to State a Claim for Breach of Fiduciary Duty against Purcell & Scott

Count L alleges that Purcell & Scott breached its fiduciary duties owed to NPF VI and NPF XII. Under Ohio law, a breach of fiduciary duty claim, relying on allegations relating to the manner in which Purcell & Scott allegedly represented NPF VI and NPF XII, cannot stand and is subsumed into the malpractice claim. "An action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice under R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." *Muir,* 446 N.E.2d at 822. In *Thompson v. Karr,* 4 F.Supp.2d 731, 735 (N.D. Ohio 1998) the court noted that although the plaintiff alleges breach of fiduciary duties, the "gist" of the allegations consist of claims of professional negligence. Further, the court stated "[i]t makes no difference whether the professional claim is based on tort or contract." *Id. (citing Erickson v. Misny*, No. 69213, 1996 WL 239883, at *7 (Ohio App. 8th Dist. May 9, 1996), *appeal denied,* 77 Ohio St.3d 1480 (1996)). In *Jenkins v. Talda,* No. 95APE03-325, 1995 WL 571453, at *3 (Ohio App. 10th Dist. Sept. 29, 1995) the court stated that each of the appellants claims arose out of the manner in which the appellants were represented within the attorney-client relationship. Thus, the court concluded that despite the appellants' attempt to label their claims otherwise, the real basis for the appellants' claims was legal malpractice. *Id.* Under Ohio law a breach of fiduciary duty claim pled in the context of the attorney-client relationship is really a claim of legal malpractice. Thus, the UAT's breach of

fiduciary duty claim is redundant of the claim for legal malpractice and must be dismissed. *See McKenzie v. Berggren*, No. 02-2108, 2004 U.S. App. LEXIS 9995 (6th Cir. 2004).

In its response to Kaye Scholer's Motion to Dismiss, the UAT argues that they alleged "two substantially distinct factual bases for its breach of fiduciary [duty] and professional negligence claims against Kaye Scholer." *See* UAT's Response to Kaye Scholer's Motion to Dismiss filed on May 31, 2005 at page 34. They argue that they have alleged facts establishing that Kaye Scholer breached its fiduciary duty by "repeatedly and fatally" favoring the interests of CSFB over the interests of NPF VI and NPF XII. *Id.* In addition to this duty, the UAT argues they have alleged facts against Kaye Scholer establishing a separate breach of duty owed to NPF VI and NPF XII by reason of the attorney-client relationship. *Id.* This is simply not the case for the allegations against Purcell & Scott.

All of the allegations against Purcell & Scott arise out of the manner in which Purcell & Scott represented the Debtors within the attorney-client relationship. *See e.g., Endicott v. Johrendt*, No. 99AP-935, 2000 Ohio App. LEXIS 2697 at *13 (Ohio App. 10th Dist. June 22, 2000) (*citing Spencer v. McGill*, 622 N.E.2d 7, 13 (Ohio App. 8th Dist. 1993) for the proposition that claims that arise out of the manner in which the plaintiff was represented within the attorney/client relationship are subsumed in the malpractice claim)); *Barstow v. Waller*, No. 04CAS, 2004 WL 2427396 at *10 (Ohio App. 4th Dist. Oct. 26, 2004) (the court treated claims for misrepresentation and malpractice as a single claim for legal malpractice finding that the claims both arise out of the manner in which the appellant was represented within the attorney-client relationship); *Compston v. Holzapfel* CA90-08-079, 1991 Ohio App. LEXIS 3344 at *4 (Ohio App. 12th Dist. July 15, 1991) ( "appellants claims are premised upon appellee's alleged acts or omissions committed in their representation of appellants"). Here, all of the UAT's

allegations are pled in the context of Purcell & Scott's capacity as legal counsel to the Debtors. Specifically, the UAT alleges the following:

- Purcell & Scott rendered **legal advice** concerning nearly every aspect of the operations of NCFE and its affiliates. (2nd Am. Compl. at ¶1147). (emphasis added)

- NCFE and its affiliates, including NPF VI and NPF XII, hired Purcell & Scott to give them **legal advice** with regard to numerous aspects of NPF VI's and NPF XII's securitization programs, including the note-issuance and receivables-operation components of those programs, in addition to numerous others. (2nd Am. Compl. at ¶1148). (emphasis added)

- NCFE and its affiliated entities, including NPF VI and NPF XII, expected and were entitled to competent **representation by counsel** capable of **representing** them in highly complex asset-backed securitization transactions, among other things. (2nd Am. Compl. at ¶1149). (emphasis added)

- NPF VI and NPF XII relied upon the **advice** of Purcell & Scott to their detriment by, among other things, hiring Purcell & Scott to **render legal advice,** continuing to hire Purcell & Scott to **render such advice** over a period of numerous years, and declining to employ other competent and unconflicted counsel. (2nd Am. Compl. at ¶1178). (emphasis added)

In not one allegation does the UAT allege that Purcell & Scott was acting as anything other than legal counsel to the Debtors. Therefore, to the extent a cause of action exists at all, and Purcell & Scott denies that any claims exist, it is solely a cause of action for legal malpractice.

In *Swankowski v. Diethelm,* 129 N.E.2d 182 (Ohio App. 6th Dist. 1953), a medical malpractice case often cited with approval in legal malpractice cases, the court stated that a violation of a physician's legal duties to a patient with resulting damages falls under the definition and meaning of the term malpractice. Although Purcell & Scott expressly denies a breach of any duty, assuming for purposes of this motion only that Purcell & Scott has violated a duty owed to NPF VI and NPF XII that resulted in damages, that claim, by definition, falls under a claim for legal malpractice. Therefore, the UAT's claim of breach of fiduciary duty is subsumed in its professional negligence claim and should be dismissed.

In further support of this argument, Purcell & Scott incorporates by reference herein Section V ¶2, pages 37-38, of the Reply Memorandum of Law in Support of Defendant Kaye Scholer, LLP's Motion to Dismiss the Unencumbered Assets Trust's Amended Complaint filed on July 15, 2005.[7]

### C. The UAT's Second Amended Complaint Fails to State a Claim for Aiding and Abetting Breach of Fiduciary Duty Against Purcell & Scott

As stated above, a breach of fiduciary duty claim based upon allegations relating to the manner in which Purcell & Scott represented NPF VI and NPF XII is subsumed in the legal malpractice claim. The UAT's claim against Purcell & Scott for aiding and abetting breach of fiduciary duty also should be dismissed for the same reasons. The "aiding and abetting" claim is predicated on precisely the same alleged facts – the legal services Purcell & Scott rendered to NPF VI and NPF XII – that underlie the UAT's legal malpractice and breach of fiduciary duty claims.

The aiding and abetting claim also should be dismissed because the UAT has not adequately pled the elements for aiding and abetting as required under §876(b) of the Restatement (Second) of Torts. *See General Cable Corp. v. Highlander,* No. 1:05-cv-00083, 2005 U.S. Dist. LEXIS 27810, at *19 (S.D. Ohio Nov. 2, 2005) (stating that Ohio has adopted §876(b) of the Restatement (Second) of Torts); *Great Central Ins. Co. v. Tobias,* 524 N.E.2d 168 (Ohio 1988) (applying §876(b) of the Restatement (Second) Torts). "For harm resulting to a third person from the tortuous conduct of another, one is subject to liability if he … knows that the other's conduct constitutes a breach of fiduciary duty and gives **substantial assistance** or encouragement to the other so to conduct himself." Restatement (Second) of Torts §876(b)

[7] Attached as Exhibit D.

(1979); *See also, Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 532-33 (6th Cir. 2000)(*citing Great Central Ins. Co.*, 524 N.E.2d 168) (emphasis added).

> In the tort field, the doctrine [of Section 876] appears to be reserved for application to facts which manifest a common plan to commit a tortious act where participants know of the plan and its purpose and take affirmative steps to encourage achievement of the result *** '[t]he mere presence of the particular defendant at the commission of the wrong, or his failure to object to it, is not enough to charge him with responsibility."

*Collopy v. Gardiner*, No. CA85-08-057, 1986 Ohio App. LEXIS 6284 (Ohio App. 12th Dist. Apr. 7, 1986), (citing *Stock v. Fife*, 430 N.E.2d 845, fn. 10, (Mass. App. Ct. 1982) *cert. denied* (1982), 441 N.E.2d 1043 (1982), [citing Prosser].

The UAT's conclusory allegations that Purcell & Scott materially participated in breaches of fiduciary duty do not establish the substantial assistance element for aiding and abetting as required under §876(b). (*See* 2nd Am. Compl. at ¶1177). *See In re D.H. Overmeyer Telecasting Co., Inc.* 47 B.R. 823, 825 (Bankr. N.D. Ohio 1985) (allegations of active participation or aiding and abetting in the fraud are not sufficient (citing *Decker v. Massey-Ferguson*, 681 F.2d 111, 116 (2nd Cir. 1983)). "In alleging the requisite 'substantial assistance' by the aider and abettor, the complaint must allege that the acts of the aider and abettor proximately caused the harm to the corporation on which the primary liability is predicated." *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 62-63 (2nd Cir. 1985) (*Armstrong v. McAlpin*, 699 F.2d 79, 92 (2nd Cir. 1983); *Edwards & Hanly v. Well Fargo Securities Clearance Corp.*, 602 F.2d 478, 484 (2nd Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980) ("allegations of a 'but for' causal relationship are insufficient"). The Sixth Circuit has held that "inaction may be a form of assistance in certain cases, but only where it is shown that

the silence of the accused aider and abettor was consciously intended to aid the securities law violation." *S.E.C. v. Coffey,* 493 F.2d 1304, 1317 (6th Cir. 1974)[8].

The UAT's complaint does not allege affirmative, overt action by Purcell & Scott in furtherance of the fraud, nor does the complaint allege that Purcell & Scott acted with the conscious intent to aid the Debtors' principals, officers, directors and shareholders in the fraud. In fact, in its complaint the UAT states that Purcell & Scott "discussed openly" events of non-compliance with potential investors, including GMAC and Beacon. (2nd Am. Compl. at ¶¶1155 and 1161). Such allegations do not evidence affirmative, overt action by Purcell & Scott, nor do they evidence conscious intent to aid in the fraud. The absence of an assertion of conscious intent to aid in furtherance of the fraud requires that the UAT's complaint must be dismissed for failure to state a claim for aiding and abetting breach of fiduciary duty. To allow the UAT to plead otherwise would permit it to manufacture fictional allegations which would necessarily contradict its current allegations all in an effort meet pleading requirements.

In further support of this argument, Purcell & Scott incorporates by reference herein Section VII A.2, pages 43-44, of the Reply Memorandum of Law in Support of Defendant Kaye Scholer, LLP's Motion to Dismiss the Unencumbered Assets Trust's Amended Complaint filed on July 15, 2005.[9]

## VI. THE SECOND AMENDED COMPLAINT DOES NOT STATE A BASIS FOR WHICH PUNITIVE DAMAGES CAN BE ASSESSED AGAINST PURCELL & SCOTT

In support of the argument that the UAT's complaint does not state a basis for which punitive damages can be assessed, Purcell & Scott incorporates by reference herein Section VIII,

---

[8] Some courts have held that inaction, absent an independent duty to act, is never enough to satisfy the substantial assistance requirement. *See Wessel v. Buhler*, 437 F.2d 283 (9th Cir. 1971), cert. denied, 403 U.S. 1008 (1972); *Landy v. Federal Deposit Insurance Corp.*, 486 F.2d 139, 161-62 (3rd Cir. 1973), cert. denied, 416 U.S. 960 (1974).

[9] Attached as Exhibit E.

pages 44-45, of the Memorandum of Law in Support of Defendant Kaye Scholer, LLP's Motion to Dismiss the Unencumbered Assets Trust's Amended Complaint filed on March 31, 2005,[10] and Section IX, pages 47-48, of the Reply Memorandum of Law in Support of Defendant Kaye Scholer, LLP's Motion to Dismiss the Unencumbered Assets Trust's Amended Complaint filed on July 15, 2005.[11]

## VII. CONCLUSION

For the foregoing reasons, the Unencumbered Assets Trust's Second Amended Complaint should be dismissed in its entirety as against Purcell & Scott, Co., L.P.A.

Respectfully submitted,

/s/ Matthew L. Fornshell
Matthew L. Fornshell (0062101)
SCHOTTENSTEIN, ZOX & DUNN, CO., L.P.A.
250 West Street
Columbus, Ohio 43215-2538
(614) 462-2700
(614) 462-5135 Facsimile

*Attorney for Defendant Purcell & Scott, Co., L.P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2005, I electronically filed the a copy of the foregoing *Motion to Dismiss and Memorandum of Law in Support of Defendant, Purcell & Scott, Co., L.P.A.'s Motion to Dismiss the Unencumbered Assets Trust's Second Amended Complaint* with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF system and copies will be mailed via U.S. Mail to those parties whom electronic notice has not been sent. Parties may access the filing through the Court's system.

/s/ Matthew L. Fornshell
Matthew L. Fornshell

[10] Attached as Exhibit F.
[11] Attached as Exhibit G.