**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 2:03-MD-1565-JLG-MRA |
| | : | |
| National Century Financial Enterprises, Inc. | : | |
| | : | Judge Graham |
| Debtors. | : | Magistrate Judge Abel |
| | : | |

| | | |
|---|---|---|
| The Unencumbered Assets Trust, *et al.*, | : | |
| | : | Case No. C2-04-1090 |
| Plaintiffs, | : | |
| vs. | : | Judge Graham |
| | : | Magistrate Judge Abel |
| JP Morgan Chase Bank, *et al.* | : | |
| | : | |
| Defendants | | |

**DEFENDANT DONALD H. AYERS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT OF THE UNENCUMBERED ASSETS TRUST AND ERWIN I. KATZ, LTD., TRUSTEE**

Pursuant to Civil Rules 9 and 12(b)(6), Defendant Donald H. Ayers respectfully moves the Court for an order dismissing all claims of Plaintiffs Unencumbered Assets Trust and Erwin I. Katz, Ltd., trustee, against Defendant Ayers for failure to plead fraud with particularity and for failing to state a claim upon which relief can be granted. The basis for this Motion is fully set forth in the accompanying Memorandum in Support.

Respectfully Submitted,

/s/ Brian E. Dickerson

Brian E. Dickerson (0069227)
MAGUIRE & SCHNEIDER, L.L.P.
250 Civic Center Dr., Suite 500
Columbus, OH 43215
Telephone No.: (614) 224-1222
Facsimile No.: (614) 224-1236
*Attorney for Donald H. Ayers*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiffs Unencumbered Assets Trust and Erwin I. Katz, Ltd., trustee (collectively referred to as "Plaintiffs") assert various claims against Defendant Donald H. Ayers ("Defendant Ayers") for, among other things, fraudulent acts allegedly committed against NPF VI, NPF X, NPF XII, and National Century Financial Enterprises, Inc. ("NCFE"), companies for which Defendant Ayers acted as an officer or director during the relevant time periods. As demonstrated below, the claims against Defendant Ayers, which are primary based on fraud, should be dismissed in their entirety.

This Memorandum in Support of Defendant Ayers' Motion to Dismiss Plaintiffs' Third Amended Complaint will briefly discuss the allegations raised in Plaintiffs' First and Second Amended Complaints and then, in detail, address the conclusory statements along with the allegations that Plaintiffs contend support its claims in their Third Amended Complaint. Furthermore, this Memorandum will also address Plaintiffs' failure to set forth specific facts against Defendant Ayers to support their claims.

### II. APPLICABLE LAW

In ruling on a motion to dismiss, the Court must review the allegations of the complaint in the light of most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The Court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff cannon prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions

masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Plaintiffs' RICO claims are based on fraud, and therefore, must comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "all averments of fraud . . . be stated with particularity." To comply with Rule 9(b), the Amended Complaint must state specifically "the times, places, contents and victims of the underlying fraud" *Vild v. Visconi,* 956 F.2d 560, 567 (6th Cir. 1992). Furthermore, Civil Rule 12 allows a party to present by motion a request to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

## III. THE DOCTRINE OF *IN PARI DELICTO* SHOULD BE APPLIED IN THIS CASE TO DISMISS PLAINTIFFS' CLAIMS AGAINST DEFENDANT AYERS.

The major allegation raised by Plaintiffs is that that NPF VI and NPF XII were used by Defendants Poulsen, Ayers, and Parrett to defraud investors out of millions of dollars (First, Second and Third Amended Complaints ¶¶ 1-3). Specifically, Plaintiffs allege that NCFE was the sole shareholder of NPF VI and NPV XII, and that at all times relevant hereto, Defendants Poulsen, Ayers, and Parrett were officers and directors of NCFE, NPF VI and NPF XII (First, Second and Third Amended Complaints ¶¶ 37, 376-383).

" '*In pari delicto* refers to the plaintiff's participation in the same wrongdoing as the defendant.'… The doctrine is premised on the equitable principle that 'no court will lend aid to man who founds his cause of action upon an immoral or illegal act.' " *In re Dublin Securities, Inc.*, 133 F.3d. 377, 380 (6th Cir. 1997). Under the doctrine of *in pari*

*delicto*, the law will not aid a party in its efforts to recover from an alleged joint tortfeasor when that party is of equal or greater fault. *Id. See also Jones v. Hyatt Legal Services*, 132 B.R. 853, 860 (S.D. Ohio 1991).

In this case, Plaintiffs allege that NPF VI and NPF XII, whose officers and directors were Defendants Poulsen, Ayers and Parrett, along with Defendants Chase and Bank One, *were* directly involved in the alleged fraud; that NPF VI and NPF XII had certain obligations to the investors that went unfulfilled due to the alleged fraud of the Defendants. (First, Second and Third Amended Complaints, ¶¶ 1-3). Pursuant to the Sixth's Circuit holding in *Dublin Securities,* supra at 380, if NPF VI and NPF XII were used to facilitate the alleged fraud, and if a corporation can only act through its officers and directors (i.e. Defendants Poulsen, Ayers, and Parrett), then NPF VI and NPF XII must be deemed to have been active participants in the fraud, and the Plaintiffs' claims are barred Against Defendant Ayers by the doctrine of *in pari delicto*. This Court should not "lend its aid to a man who founds his cause of action upon an immoral or illegal act." *See, Dublin Securities*, supra at 380, quoting, *Jones v. Hyatt Legal Services. (In re Dow),* 132 B.R. 853, 860 (Bankr. S.D. Ohio 1991).

However, in the event this Court does not apply its prior holding in *Dublin Securities* to the facts of this case in dismissing Plaintiffs' claims against Defendant Ayers, Plaintiffs' allegations against Defendant Ayers as raised in its Third Amended Complaint still fail and should be dismissed for the following reasons.

## IV. PLAINTIFFS' FIRST AND SECOND AMENDED COMPLAINTS SETS FORTH UNSUPPORTED ALLEGATIONS AGAINST DEFENDANT AYERS

Plaintiffs raised several allegations in its First and Second Amended Complaints[1] against Defendant Ayers; allegations that were unsupported and baseless.

### A. Summary of Plaintiffs' claims as set forth in their First and Second Amended Complaint.

First, Plaintiffs failed wholeheartedly to plead each Defendant's role in the alleged fraud with particularity. (First and Second Amended Complaints, for example, ¶¶ 312-315, 368-402, 412-415, 417-421, 423-24, 508, 510, 553). Specifically, Counts I-VIII, X-XI, XIII-XV, and XXIV of the First and Second Amended Complaints are all premised on a fraudulent scheme allegedly entered into by Defendant Ayers. In asserting that the "Founders" committed various acts in furtherance of the alleged fraud, the Plaintiffs aver that:

- Defendant Ayers, along with all but one of the officers and directors of NPF VI and NPF XII, entered into a scheme to defraud NPF VI and NPF XII of billions of dollars (First and Second Amended Complaints ¶1-3);

- Each Defendant owed NPF VI and NPF XII fiduciary duties. Plaintiffs allege that NPF VI and NPF XII had certain obligations to its investors that went unfulfilled due to the alleged fraud of Defendants (First and Second Amended Complaints ¶¶ 1-3);

- NCFE was the sole shareholder of NPF VI and NPV XII, and that at all times relevant hereto, Defendants Poulsen, Ayers, and Parrett were officers and directors of the NCFE, NPF VI and NPF XII (First and Second Amended Complaints ¶¶ 37, 376-383);

- Prior to the execution of the NPF VI and NPF XII Master Indentures, which govern the operations of the NPF VI and NPF XII, Defendants Poulsen, Ayers,

[1] On September 12, 2005, Plaintiffs filed a Motion for Leave to File Second Amended Complaint for the sole purpose of adding claims against Defendant Purcell & Scott (Doc #137). The new allegations appeared at Paragraph 22B and Paragraphs 1144-1198. Plaintiffs made no new allegations against any other Defendants.

and Parrett, along with others, agreed to disregard material terms of the indentures (First and Second Amended Complaints ¶¶ 156-157, 245-246). Plaintiffs alleged that this decision to "disregard" the terms of the indentures provides the basis for NPF VI and NPV XII's claims (First and Second Amended Complaints ¶¶ 156-157, 245-246);

- NPF VI and NPF XII, whose officers and directors were Defendants Poulsen, Ayers, and Parrett, appointed Defendants Poulsen, Ayers, and Parrett, along with Defendants Chase and Bank One, to act on NPF VI and NPF XII's behalf, and that that these defendants undertook their obligations with a concerted understanding that they would not perform their duties (First and Second Amended Complaints ¶¶ 1-3, 50, 52-53. 156-157, 245-246, 385-395, 417, 439, 460, 483, 504, 525, 546, 568, 585, 596); and

- Defendant Ayers committed fraud through his role as Vice President of the Servicer and that in that capacity Defendant Ayers, "as directed by Poulsen," provided instructions to the Trustee to disburse funds and move money in and out of the NPF VI trust accounts, entered into contracts with Sellers, arranged for sale agreements with Sellers, tracked receivables, and prepared reports regarding the business of NPF VI (First and Second Amended Complaints ¶ 411).

Second, Plaintiffs failed to state a claim with regard to the alleged Avoidable Transfers set forth in Count XVIII of the First and Second Amended Complaints because the alleged transfers involving Defendant Ayers occurred outside the statutory one year "look back" period. Furthermore, as previously explained Defendant Ayers is not liable as an initial transferee under the Bankruptcy Code (11 U.S.C. § 548) and is not the entity for whose benefit the transfer was made. Count XVIII should also be dismissed against Defendant Ayers because Plaintiffs do not allege that there were ever any subsequent transfers to Defendant Ayers (First and Second Amended Complaints ¶¶ 631-718). Plaintiffs failed to set forth facts that would establish that Defendant Ayers was an initial transferee, an entity for whose benefit such transfers were made, or "an immediate or mediate transferee of such initial transferee."

Third, Plaintiffs failed to allege "creditor" status (First and Second Amended Complaint ¶¶ 13, 736, 742) and thus failed to state claims under O.R.C. § 1336.04 and

1336.05 (Counts XIX and XX) of the First and Second Amended Complaints. Furthermore, the alleged transfers in Count XIX and XX of the First and Second Amended Complaints that occurred on or about (1) March 9, 1999; (2) April 8, 1999; (3) July 14, 1999; (4) February 22 & 28, 2000; (5) March 1999; and (6) February 2, 2000, are time barred.

Fourth, Plaintiffs failed to state a claim for Breach of Fiduciary Duty against Defendant Ayers in Count XIII of the First and Second Amended Complaints as Plaintiffs failed to identify or allege a source for this fiduciary duty in this Court.

Fifth, Plaintiffs failed to state a claim for Knowing Participation in a Breach of Fiduciary Duty against Defendant Ayers in Count XIV of the First and Second Amended Complaints. However, in the absence of any fiduciary duty there can be no knowing participation in a breach.

Sixth, Plaintiffs fail to state a claim against Defendant Ayers for Aiding and Abetting in Count XV of the First and Second Amended Complaints as the Supreme Court of Ohio has never recognized a civil claim for aiding and abetting. ***See, Andonian v. A.C. & S., Inc.*** (1994), 97 Ohio App. 3d 573, 647 N.E.2d 190. In addition Ohio Appellate Courts have held that a cause of action for aiding and abetting does not exist under Ohio law. ***See, Federated Management Co. v. Coopers & Lybrand*** (2000), 137 Ohio App. 3d 366, 738 N.E.2d 842.

Seventh, Plaintiffs failed to state a claim against Defendant Ayers for Unjust Enrichment in Count XXIII of the First and Second Complaints. As previously addressed in Defendant Ayers' April 1, 2005 Motion to Dismiss, any actions by Defendant Ayers were imputed to NPF VI and NPF XII, which renders both liable for any fraud which

may have occurred. As a participant, NPF VI and NPF XII do not have the requisite "clean hands" that would allow this court to award an equitable remedy.

Eight, Plaintiffs failed to state a claim against Defendant Ayers under Count XXI of the First and Second Amended Complaints for "unlawful dividend" due to Plaintiffs failure to allege that any dividends were paid. (First and Second Amended Complaints ¶¶ 745-748).

Finally, Plaintiffs asserted in Counts XVI and XVII of the First and Second Amended Complaints that that Defendant Ayers is liable to Plaintiffs for promissory notes allegedly signed by Defendant Ayers. However, Plaintiffs failed to attach copies of such alleged notes to either Amended Complaint, and Defendant is uncertain as to the liability, if any, Defendant may have with regard to the notes. Defendant Ayers, pursuant to Civil Rule 12(e), respectfully requested that the Court to Order Plaintiffs to provide a written copy of the alleged notes.

On April 1, 2005, Defendant Ayers moved for an order dismissing all of Plaintiffs' claims against Defendant Ayers for failure to plead fraud with particularity and for failing to state a claim upon which relief can be granted. Defendant Ayers, in the alternative moved the Court, pursuant to Civil Rule 12(e), for an Order requiring Plaintiffs to make a more definite statement of their claims. The arguments as set forth in Defendant Ayers' April 1, 2005 Motion to Dismiss Plaintiffs' Amended Complaint are incorporated fully with the instant Motion.

## V. UNSUBSTANTIATED ALLEGATIONS AGAINST DEFENDANT AYERS RAISED IN PLAINTIFFS' THIRD AMENDED COMPLAINT

On February 14, 2006, Plaintiffs filed a Third Amended Complaint against Defendant Ayers.[2] The Third Amended Complaint mirrors the allegations raised by Plaintiffs against Defendant Ayers in their First and Second Amended Complaints. In this instant matter, Plaintiffs continue to make broad conclusory allegations, not specifically against Defendant Ayers, but collectively against the Founders:

- The Founders, along with the Servicer, perpetuated a fraud on the investors of the NPF programs.
- The Plaintiffs allege that the Founders failed to provide required audits, certificates, and reports to Banker's Trust, misused reserve funds such as using Equity Account proceeds to purchase receivables, and failed to maintain the Equity Account at the required minimum. (Third Amended Complaint ¶¶ 153F-153DD);
- The Founders participated in several aspects of the conduct that gave rise to the causes of action in the complaint. (Third Amended Complaint ¶ 385A)

The arguments supporting Defendant Ayers's April 1, 2005, Motion to Dismiss are fully incorporated in this Memorandum in Support of this instant Motion to Dismiss. This Memorandum will specifically address the amendments as advanced in Plaintiffs' Third Motion to Dismiss, as it relates to Defendant Ayers.

---

[2] Plaintiffs filed the Third Amended Complaint to add allegations contained in Exhibit A, NPF IV, Inc, Health Care Receivables Securitization Program Notes Mater Indenture. Plaintiffs advance that the allegations contained in the Third Amended Complaint do not vary from those permitted by the Court's December 23, 2005 Order.

**A. Plaintiffs have failed to plead with specificity how Don Ayers, specifically as one of the "Founders" participated in fraudulent activity which gives rise to the causes of action of their Third Amended Complaint.**

In the Third Amended Complaint, Plaintiffs have again failed to plead fraud with particularity and have further failed to state a claim upon which relief can be granted. In order to substantiate a claim for fraud, a plaintiff must establish the following:

1. a representation or, where there is a duty to disclose, concealment of fact,
2. which is material to the transaction at hand,
3. made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
4. with the intent of misleading another into relying upon it,
5. justifiable reliance upon the representation or concealment, and
6. a resulting injury proximately caused by the reliance.

*Black v. Cosentino*, 117 Ohio App. 3d 40, 44 (1996); See also, *Primus Auto. Fin. Servs. v. Otto-Wal, Inc.*, 2000 U.S. Dist. LEXIS 6415 (N.D. Ohio 2000).

**1. Plaintiffs fail to allege with particularity the facts and circumstances that form the basis for the alleged fraud of Defendant Ayers.**

Plaintiffs' RICO claims are based on fraud, and therefore, similar to Plaintiffs fraud claims, The RICO claims must comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "all averments of fraud . . . be stated with particularity." To comply with Rule 9(b), the Amended Complaint must state specifically "the times, places, contents and victims of the underlying fraud" *Vild v. Visconi*, 956 F.2d 560, 567 (6th Cir. 1992).

In the Third Amended Complaint, Plaintiffs claim that Defendant Ayers committed fraud through his role as Vice President of the Servicer and that in that capacity Defendant Ayers, "as directed by Poulsen," provided instructions to the Trustee to disburse funds and move money in and out of the NPF VI trust accounts, entered into

contracts with Sellers, arranged for sale agreements with Sellers, tracked receivables, and prepared reports regarding the business of NPF VI (Third Amended Complaint ¶ 411). Generally, the Plaintiffs argue that the Founders, in addition to participating in conduct that gives rise to the fraud allegation, also failed to provide required audits, certificates, and reports, misused reserve funds to purchase receivables and failed to properly maintain the Equity Account. (Third Amended Complaint ¶¶ 153F-153DD, 385A).

Plaintiffs, however, fail to allege one specific fraudulent transfer directed by Defendant Ayers in furtherance of the alleged fraudulent scheme. Plaintiffs also fail to allege with any specificity exactly what conduct of Defendant Ayers involved "the commission of two or more specifically prohibited state or federal criminal offenses." *See Sedima S.P.R.L. v. Imrex Company* (1985), 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed. 2d 346 (setting forth the elements of a RICO claim).

In addition, although Plaintiffs allege that the "Founders" committed various fraudulent acts in furtherance of the alleged fraud, Plaintiffs do not define that term (***See, e.g.,*** Third Amended Complaint ¶¶ 153F-153DD, 385A). Even if Plaintiffs did define the term "Founders," Plaintiffs' Third Amended Complaint would still be deficient under Civil Rule 9 as many of Plaintiffs' allegations group Defendant Ayers with the "Founders" or all "Defendants."

A complaint alleging fraudulent conduct:

> may not rely upon blanket references to acts or omissions by all of the "defendants," for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged.

*Benoay v. Decker*, 517 F. Supp. 490, 493 (E.D. Mich. 1981).

While plaintiffs make the same conclusory allegations in its Third Amended Complaint as previously alleged, they fail to plead each defendant's role in the alleged fraud with particularity (Third Amended Complaint ¶¶ 312-315, 368-402, 412-415, 417-421, 423-24, 508, 510, 553). Moreover, the acts the Plaintiffs allege Defendant Ayers committed do not specify the requisite intent or knowledge. Defendant Ayers would have had to of known the alleged acts he performed at the directions of Poulsen was fraudulent, and that he performed these acts knowingly with the intent to defraud. Again, the Third Amended Complaint is void of just specificity. Consequently, Counts I-VIII, X-XI, XIII-XV, and XXIV of the Third Amended Complaint should be dismissed for Plaintiffs' failure to adhere to Civil Rule 9.

**2. The Plaintiffs have established in the Third Amended Complaint that NPF VI and NPF XII actively participated in the alleged fraud and *not* Defendant Ayers.**

As in the First and Second Amended Complaints, Plaintiffs have not and cannot claim that the alleged fraud was concealed from NPF VI or NPF XII, or that these entities detrimentally relied on any implied representations of Defendant Ayers in their Third Amended Complaint. Plaintiffs lack standing to assert claims on behalf of NPF VI and NPF XII that are allegedly premised upon the fraudulent acts of Defendants Poulsen, Ayers, and Parrett. As previously alleged, Plaintiffs again aver that Defendants Poulsen, Ayers, and Parrett made up all but one of the officers and directors of NPF VI and NPF XII (Third Amended Complaint ¶¶ 37-38, 43, 376-383). Irrespective, based on Plaintiffs' allegations, the majority of NPF VI and NPF XII's decision-makers not only knew of the alleged fraud, but were actively involved in it.

It is well established that a claim against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation. *See, In re D.H. Overmyer Telecasting Co., Inc.*, 56 B.R. 657 (N.D.Ohio 1986); Barnes v. Schatzkin, 215 A.D. 10, 11, 212 N.Y.S. 536, 537 (1st Dept. 1925); and *Hirsch v. Arthur Andersen & Co.*, 72 F. 3d 1085, 1091-1093 (2nd Cir. 1995). *See also, Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir. 1991). Consequently, Plaintiffs as the corporate entities lack any standing to assert Counts I-VIII, X-XI, XIII-XV, XXII, and XIV of the Third Amended Complaint. *Id.*

**3. If the majority of NPF VI and NPF XII's Officers and Directors knew about the alleged fraud, then Defendant Ayers cannot have concealed the alleged fraud from NPF VI and NPF XII, and NPF VI and NPF XII cannot have detrimentally relied on any alleged representations of Defendant Ayers.**

Counts I-VIII, X-XI, XIII-XV, and XXIV of the Third Amended Complaint are all premised on a fraudulent scheme allegedly entered into by Defendant Ayers. More specifically, Plaintiffs once again allege that Defendant Ayers, along with all but one of the officers and directors of NPF VI and NPF XII, entered into a scheme to defraud NPF VI and NPF XII of billions of dollars (Third Amended Complaint ¶ 3).

Plaintiffs have not and cannot claim that the alleged fraud was concealed from NPF VI or NPF XII, or that these entities detrimentally relied on any implied representations of Defendant Ayers. In fact, Plaintiffs have alleged quite the opposite.

Plaintiffs allege that NCFE was the sole shareholder of NPF VI and NPV XII, and that at all times relevant hereto, Defendants Poulsen, Ayers, and Parrett were officers and directors of the NCFE, NPF VI and NPF XII (Third Amended Complaint ¶¶ 37, 376-383). Again, even on the Plaintiffs' third attempt, Plaintiffs even though theoretically are

the entities, fail to set forth when Defendant Ayers was an officer or director of NPF VI or XII, and if he was an officer or director of one the Plaintiffs entities when the alleged fraud occurred. Plaintiffs also allege that prior to the execution of the NPF VI and NPF XII Master Indentures, which govern the operations of the NPF VI and NPF XII, Defendants Poulsen, Ayers, and Parrett, along with others, agreed to disregard material terms of the indentures (Third Amended Complaint ¶¶ 156-157, 245-246). Plaintiffs allege that this decision to "disregard" the terms of the indentures provides the basis for NPF VI and NPV XII's claims (Third Amended Complaint ¶¶ 156-157, 245-246).

As Defendant Ayers previously argued, it is a long standing rule of law that a corporation, because of its nature, can only act through its agents. ***C.I.T. Corp. v. Janis***, 418 F. 2d 960, 985-986 (6th Cir. 1969); ***Jordan v. Global Natural Resources, Inc***. 564 F. Supp 59, 68 (S.D. Ohio 1983). Additionally, while courts differ as to the effect of knowledge acquired by employees of a corporation, Ohio Courts have determined that knowledge of directors or key officers, such as the president and vice president, is imputed to the corporation. ***London & Lanceshire Indemnity Co. of America v. The Fairbanks Steam Shovel Co.***, 112 Ohio St. 136, 149-150 (1925).[3]

In this case, imputing knowledge of the alleged fraud to NPF VI and NPV XII is warranted where all but one of the officers and directors were allegedly privy to it. ***Arcanum National Bank v. Hessler***, 69 Ohio St. 2d 549 (1982); ***See also, The First Nat'l Bank of New Bremen v. Burns*** (1913), 88 Ohio St. 434 ("it is well-established in Ohio a corporation can act only through its officer and agents, and the knowledge of the officers

---

[3] Ohio law controls the circumstances under which the knowledge of fraud on the part of corporate directors will be imputed to the corporation. ***O'Melveny & Myers v. F.D.I.C.***, 512 U.S. 79, 83-84; 114 S. Ct. 2048; 129 L. Ed 2d 67(1994).

of a corporation is at once the knowledge of the corporation"); ***Poth v. Russey***, 99 Fed. Appx. 446, 457 (4th Cir. 2004) ("Ordinarily knowledge of officers and directors having substantial control of all activities of a corporation is imputed to the corporation."); ***and Hellenic Inc. v. Bridgeline Gas Distrib. LLC (In re Hellenic Inc.)***, 252 F.3d 391, 395 (5th Cir. 2001) (finding that while courts generally differ as to the effect of knowledge acquired by other employees, there is agreement that the knowledge of directors or key officers, such as the president and vice president, is imputed to the corporation).

Accordingly, the knowledge of the alleged fraud acquired by Defendants Poulsen, Ayers, and Parrett prior to and after the execution of the Master Indentures must be imputed to NPF VI and NPF XII as these individuals are all alleged to have been the officers and directors of NCFE, NPF VI, and NPF XII during all relevant times herein. As such, Plaintiffs, whose rights are no greater than those of NPF VI and NPF XII, cannot claim that defendants concealed material facts from NPF VI and NPF XII or that NPF VI and NPF XII relied on Defendants' alleged representations regarding their performance under the Master Indentures. Consequently, Counts I-VIII, X-XI, XIII-XV, and XXIV of the Third Amended Complaint, which are all based on this alleged fraudulent scheme, must be dismissed.

**B. The Doctrine of *In Pari Delicto* Bars Counts I-VIII, X-XI, XIII-XV, XXII, and XXIV as raised in Plaintiffs' Third Amended Complaint.**

As previously set forth above in *Section III* above, the doctrine of i*n pari delicto* operates as a bar to Plaintiffs' allegations in the Third Amended Complaint against Defendant Ayers as alleged by the Plaintiffs, the officers and directors operated NPF VI and NPF XII and were obviously the "alter egos" of the debtors and that therefore their malfeasance was directly attributable to the debtors.

It is impossible to fathom how Plaintiffs could assert that NPF VI and NPF XII could be an innocent to party to the alleged transactions when Defendants Poulsen, Ayers, and Parrett, as officers and directors of NPF VI and NPF XII, appointed themselves and the other Defendants to act on the companies' behalf, knowing that, as Plaintiffs' allege, all these Defendants had already entered into a plan or scheme to defraud the companies. As such, and based on the Sixth Circuit's holding in ***Dublin Securities***, supra, Counts I-VIII, X-XI, XIII-XV, XXII, and XXIV of the Third Amended Complaint, which are all based on this alleged fraudulent scheme, must be dismissed under the doctrine of ***in pari delicto.***[4]

Wherefore, based upon the foregoing the Defendant Donald H. Ayers respectfully requests this court to dismiss Plaintiffs' Third Amended Complaint filed against him.

Respectfully submitted,

/s/ Brian E. Dickerson
Brian E. Dickerson (0069227)
MAGUIRE & SCHNEIDER, L.L.P.
250 Civic Center Dr., Suite 500
Columbus, OH 43215
Telephone No.: (614) 224-1222
Facsimile No.: (614) 224-1236
*Attorney for Donald H. Ayers*

---

[4] In this case, Plaintiffs are attempting to make victims out of NPF VI and NPF XII. (See, First, Second and Third Amended Complaints ¶ 6, 7). Interestingly enough and worthy of bringing to this Court attention, however, is that in *City of Chandler et. al., v. Bank One, N.A., et al,* Case No.: CV03-1220-PHX and *State of Arizona, et al., v. Credit Suisse First Boston Corp., et al.,* Case No.: CIV03-1618-PHX, the Plaintiffs alleged that NPF VI and NPF XII "were nothing but a Ponzi scheme, kept afloat through repeated issuances of worthless notes, the proceeds of which were looted through affiliate transactions, fraudulent 'lending' activity and a kiting scheme so massive that it required the participation of not one, but two national banks: Bank One, N.A. and JP Morgan Chase Bank." (*State of Arizona* and *City of Chandler* Complaints ¶ 2). This Court should take judicial notice of the allegations raised in the aforementioned Complaints in considering Defendant Ayers' Civ.R. 12(b)(6) motion to dismiss for failure to state a claim in this instant matter.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served via ordinary U.S. Mail and ECF filing, postage prepaid, on this 21st day of March, 2006, to the parties appearing on the attached service list.

| | |
|---|---|
| **Acci/Allcare of Pennsylvania**<br>23975 Park Sorrento<br>Suite 370<br>Calabasas, CA 91302-4022 | **Joseph C Wasch**<br>Suite 210<br>888 East Olas Boulevard<br>Ft Lauderdale, FL 33301 |
| **Bobby R Burchfield**<br>Covington & Burling<br>1201 Pennsylvania Avenue. NW<br>Washington, DC 20004-2401 | **John K Villa**<br>Williams & Connolly<br>725 Twelfth Street NW<br>Washington, DC 20005 |
| **David Warren Alexander**<br>Squire Sanders & Dempsey<br>1300 Huntington Center<br>41 S High Street<br>Columbus, OH 43215 | **Gary Rubman**<br>Covington & Burling<br>1201 Pennsylvania Avenue NW<br>Washington, DC 22202 |
| **Robert M Cary**<br>Williams & Connolly<br>725 Twelfth Street NW<br>Washington, DC 20005 | **Stanley H Wakshlag**<br>One S E Third Avenue<br>28th Floor<br>Miami, FL 33131-1704 |
| **Michael Joseph Collins**<br>4800 Bank One Center<br>1717 Main Street<br>Dallas, TX 75201 | **William A Escobar**<br>Kelley, Drye & Warren, LLP<br>101 Park Avenue<br>New York, NY 10178 |
| **Joseph F Murray**<br>Murray Murphy Moul & Basil<br>326 S High Street<br>Suite 400<br>Columbus, OH 43215 | **James J Coster**<br>Satterlee, Stephens, Burke & Burke<br>230 Park Avenue<br>New York, NY 10169 |
| **Lawrence David Walker**<br>Taft Stettinius & Hollister<br>21 E State Street<br>12th Floor<br>Columbus, OH 43215-4221 | **Evan A Davis**<br>Cleary, Gottlieb, Steen & Hamilton<br>One Liberty Plaza<br>New York, NY 10006-1470 |

| | |
|---|---|
| **William K Davis**<br>Bell, Davis & Pitt, PA<br>100 North Cherry Street<br>Suite 600<br>Winston-Salem, NC 27120-1029 | **Howard D DuBosar**<br>DuBosar & Dolnick, PA<br>3010 North Military Trail<br>Suite 210<br>Boca Raton, FL 33431 |
| **Andrew L Goldman**<br>Bartlit Beck Herman Palenchar & Scott<br>Couthouse Place<br>54 West Hubbard Street<br>Chicago, IL 60610 | **Michael Roy Szolosi, Sr**<br>McNamara and McNamara<br>88 East Broad Street<br>Suite 1250<br>Columbus, OH 43215 |
| **Sharon Katz**<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | **John Edward Haller**<br>Shumaker Loop & Kendrick<br>41 S High Street<br>Suite 2210<br>Columbus, OH 43215 |
| **Home Medical Care of America Inc**<br>55 Carnegie Plaza<br>Cherry Hill, NJ 08003 | **Robert N Kaplan**<br>Kaplan Kilsheimer & Fox<br>805 Third Avenue<br>New York, NY 10022 |
| **William W Deem**<br>McGuire Woods<br>50 North Laura Street<br>Suite 3300<br>Jacksonville, FL 32202 | **Timothy Edward Miller**<br>Isaac Brant Ledman & Teetor<br>250 E Broad Street<br>Suite 900<br>Columbus, OH 43215-3742 |
| **Harold G Levison**<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 | **David G Jennings**<br>Isaac Brant Ledman & Teetor<br>250 E Broad Street<br>Suite 900<br>Columbus, OH 43215-3742 |
| **William R Maguire**<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482 | **John M Callagy**<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178 |
| **Tiffany C Miller**<br>Bailey Cavalieri LLC<br>10 W Broad Street<br>Suite 2100<br>Columbus, OH 43215-3422 | **William A Miller**<br>William A Miller, PLLC<br>2390 E Camelback Road<br>Suite 225A<br>Phoenix, AZ 85016-3434 |

| | |
|---|---|
| **Benjamin Scot Zacks**<br>Zacks Law Group LLC<br>The e Building<br>33 S James Road<br>Third Floor<br>Columbus, OH 43213 | **National Rehab of Florida**<br>8727 Beckingham Place<br>Orlando, FL 32836 |
| **Kyle A Lonergan**<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017-3954 | **Barry Ostrager**<br>Simpson Thatcher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017-3954 |
| **Michael Hiram Carpenter**<br>Carpenter & Lipps LLP<br>1600 Huntington Center<br>41 S High Street<br>Columbus, OH 43215 | **David Albert Kopech**<br>Kopech & Associates<br>140 E Town Street<br>Suite 1070<br>Columbus, OH 43215 |
| **R Brian Oxman**<br>R Brian Oxman Law Offices<br>14126 E Rosencrans Blvd<br>Santa Fe Springs, CA 90670 | **Robert J Madden**<br>Gibbs & Bruns LLP<br>110 Louisiana<br>Suite 5300<br>Houston, TX 77002 |
| **Roger Philip Sugarman**<br>Kegler Brown Hill & Ritter 65 E State Street<br>Suite 1800<br>Columbus, OH 43215-4294 | **Michael Proctor Graney**<br>Simpson Thacher & Bartlett<br>1 Riverside Plaza<br>9th Floor<br>Columbus, OH 43215 |
| **Jeffrey Q Smith**<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003 | **Steven G Brody**<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003 |
| **Thomas Leslie Long**<br>Baker & Hostetler<br>65 E. State Street<br>Suite 2100<br>Columbus, OH 43215-4260 | **Albert J Lucas**<br>Calfee Halter & Griswold<br>21 E State Street<br>Columbus, OH 43215-4243 |
| **Lawrence A Wojcik**<br>Piper Rudnick LLP<br>203 north Lasalle Street<br>Suite 1800<br>Chicago, IL 60601-1293 | **Thomas Fellig**<br>Fellig Feingold Edelblum & Schwartz LLC<br>Two University Plaza<br>Suite 307<br>Hackensack, NJ 07601 |

| | |
|---|---|
| **Israel David**<br>Fried Frank Harris Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | **Paula D Friedman**<br>Piper Rudnick LLP<br>203 North Lasalle Street<br>Suite 1800<br>Chicago, IL 60601-1293 |
| **Roger L Longtin**<br>Piper Rudnick LLP<br>203 N LaSalle Street<br>Suite 1800<br>Chicago, IL 60601-1293 | **Barry G Sher**<br>Fried Frank Harris Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 |
| **George E Ridge**<br>Cooper Ridge & Lantinberg<br>200 West Forsyth Street<br>Suite 1200<br>Jacksonville, FL 32202 | **Thomas Ross Hooper**<br>Fried Frank Harris Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 |
| **Marc J Kessler**<br>Hahn Loeser & Parks<br>65 E State Street<br>14th Floor<br>Columbus, OH 43215-4224<br>614-221-0240 | **Jeffry J Cotner**<br>Gibbs & Bruns LLP<br>1100 Louisiana<br>Suite 5300<br>Houston, TX 77002 |
| **Scott Humphries**<br>Gibbs & Bruns LLP<br>1100 Louisiana<br>Suite 5300<br>Houston, TX 77002 | **Kevin Janus**<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>335 Madison Avenue<br>17th Floor<br>New York, NY 10017 |
| **Lynne M Longtin**<br>Rendigs Fry Kiely & Dennis LLP<br>One West Fourth Street<br>Suite 900<br>Cincinnati, OH 45202-3688 | **Richard B Harper**<br>McCarter & English<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 |
| **James Edward Arnold**<br>Clark Perdue Roberts & Scott<br>471 East Broad Street<br>Suite 1400<br>Columbus, OH 43215 | **Hector D Geribon**<br>Lieff Cabraser Heinmann & Bernstein LLP<br>780 Third Avenue<br>48th Floor<br>New York, NY 10017 |

| | |
|---|---|
| **Arthur Edmund Phelps, Jr.**<br>Rendigs Fry Kiely & Dennis LLP<br>One West Fourth Street<br>Suite 900<br>Cincinnati, OH 45202 | **Robert Frederic Brown**<br>Rendigs Fry Kiely & Dennis LLP<br>One West Fourth Street<br>Suite 900<br>Cincinnati, OH 45202-3688 |
| **Brian Paul Miller**<br>Akerman Senterfitt<br>One SE Third Avenue<br>28th Floor<br>Miami, FL 33131 | **Matthew B Andelman**<br>Williams & Connolly<br>725 Twelfth Street NW<br>Washington, DC 20005 |
| **Luan K Phan**<br>Paz & Phan LLP<br>1801 Avenue of the Stars<br>Suite 825<br>Los Angeles, CA 90067 | **Robert F. Brown**<br>Rendigs Fry Kielly & Dennis LLP<br>One West Fourth Street<br>Suite 900<br>Cincinnati, OH 45202 |

/s/ Brian E. Dickerson
Brian E. Dickerson (0069227)