**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

The Unencumbered Assets Trust, et al., :

Plaintiffs, : Case No. 2:04-cv-1090

vs. : Judge Graham

JP Morgan Chase Bank, et al., : Magistrate Judge Abel

Defendants. :

ORDER

This matter is before the court on the motion of defendant Kaye Scholer, LLP to continue the stay of discovery in the action filed by the Unencumbered Assets Trust. The motion was filed in response to the Court's June 14, 2007 order lifting the stay of discovery in the National Century multi-district litigation. Kaye Scholer requests that it be exempt from discovery while its motion to dismiss is pending.

A stay of discovery is ordinarily a matter committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981). Courts typically require a showing of good cause by the party seeking a stay of discovery. See, e.g., In re FirstEnergy Shareholder Derivative Litig., 219 F.R.D. 584, 587 (N.D. Ohio 2004).

In support of its motion, Kaye Scholer argues that it will suffer prejudice if discovery goes forward. Kaye Scholer states that it has raised the defense of *in pari delicto* in its motion to dismiss. Kaye Scholer contends that the *in pari delicto* defense is

potentially case-dispositive. Kaye Scholer argues that it will be prejudiced if discovery proceeds while its motion to dismiss is pending because "it would subject Kaye Scholer to costly and potentially unnecessary discovery."

Kaye Scholer's argument is not persuasive. The original stay of discovery in the National Century MDL was imposed under the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(b)(3)(B). However, none of the claims against Kaye Scholer are brought under federal securities law, and, thus, the reason that the stay was imposed to begin with does not apply to Kaye Scholer. That Kaye Scholer will be inconvenienced by producing discovery does not constitute true prejudice. See In re Enron Corp. Sec., Derivative & ERISA Litig., No. MDL 1446, 2003 WL 25508889, at *2 (S.D. Tex. March 25, 2003) ("Mere inconvenience and delay do not constitute undue burden and substantial prejudice warranting a denial of a stay of discovery."). In addition, the pendency of a dispositive motion does not itself justify a stay of discovery. See Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002); Turner Broadcasting Sys., Inc. v. Tracinda Corp, 175 F.R.D. 554, 556 (D. Nev. 1997); Nabi Biopharmaceuticals v. Roxane Laboratories, Inc., No. 05-cv-889, 2006 WL 3007430, at *2 (S.D. Ohio Oct. 20, 2006). Finally, as the UAT argues, Kaye Scholer will likely be a target of discovery requests even if its motion to dismiss were to be granted because Kaye Scholer allegedly had a role in drafting documents that are relevant to many of the claims being made in the MDL.

Kaye Scholer further argues that it will be prejudiced if discovery goes forward because it cannot take discovery of National

Century's Founders. The Court's June 14, 2007 order preserved the stay of discovery as to the Founders, who are criminal defendants in United States v. Poulsen et al., Case No. 06-cr-129 (S.D. Ohio). Kaye Scholer contends that discovery of the Founders will be necessary to support its *in pari delicto* defense.

The court recognizes the potential for complications to arise from the stay of discovery as to the Founders. But exempting Kaye Scholer from all discovery at this stage would not prevent those complications. Kaye Scholer is not alone in asserting the *in pari delicto* defense in the UAT action. Should parties find themselves unable to support that defense because of the stay, they may request relief at the appropriate time.

Accordingly, Kaye Scholer's motion to continue the stay of discovery (doc. 216) is DENIED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 12, 2007