IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO - EASTERN DIVISION

| | |
|---|---|
| The Unencumbered Assets Trust, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>JP Morgan Chase Bank, et al.,<br><br>Defendants. | Case No. C2-04-1090<br><br>Judge James L. Graham<br>Magistrate Judge Abel |

**ORDER AND JUDGMENT**

Plaintiffs (the "UAT") in the above-referenced action (the "UAT Action"), together with defendant Kaye Scholer LLP ("Kaye Scholer" or "Settling Defendants") have announced settlement and filed a Motion for Entry of Bar Order (the "Motion"), together with a Memorandum of Law in support thereof, requesting this Court to enter an order barring certain contribution and related claims. Based upon the materials submitted, the Court is of the opinion that the Motion is meritorious and should be GRANTED.

Accordingly, the Court ORDERS as follows:

1. Each of the other current defendants in the UAT Action, including Credit Suisse First Boston Corp., Credit Suisse First Boston (USA), Inc., Credit Suisse First Boston LLC, CSFB USA, Intercontinental Investment Associates, Healthcare Capital L.L.C., Flohaz Partners L.L.C., South Atlantic Investments, L.L.C., Thor Capital Holdings, L.L.C., Kachina Inc., Lance K. Poulsen, Barbara L. Poulsen, Donald H. Ayers, Rebecca S. Parrett, and Task Holdings Ltd. ("Non-Settling Defendants) is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim, including claims for indemnity or contribution, against Kaye Scholer where the injury to the Non-Settling Defendant is the Non-

Settling Defendant's actual or threatened liability to the UAT, arising out of or related to the claims or allegations asserted by the UAT in the UAT Action, whether arising under state, federal or foreign law however designated, including claims, cross-claims, counterclaims, or third-party claims, whether asserted in the UAT Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United Stats or elsewhere.

2. Similarly, Kaye Scholer is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim, including claims for indemnity or contribution, against any of the Non-Settling Defendants where the injury to Kaye Scholer is the Kaye Scholer's actual or threatened liability to the UAT, arising out of or related to the claims or allegations asserted by the UAT in the UAT Action, whether arising under state, federal or foreign law, however designated, including claims, cross-claims, counterclaims, or third-party claims, whether asserted in the UAT Action, in the Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

3. The Non-Settling Defendants against whom a judgment, if any, is rendered (collectively) will be entitled to a judgment credit against any common damages in any amount that is the greater of: (i) the amount Kaye Scholer pays to the UAT to settle the UAT Action; or (ii) the amount equal to the judgment times the aggregate proportionate share of the fault (expressed as a percentage) of Kaye Scholer, as determined at trial. The Non-Settling Defendants shall not be entitled to any judgment credit based on a right to contribution or indemnity in a contract with Kaye Scholer. This judgment reduction provision shall not be considered or deemed a determination, adjudication or concession as to whether Kaye Scholer is

Case 2:04-cv-01090-JLG-MRA Document 288-2 Filed 02/15/2008 Page 3 of 3

jointly and severally liable with the Non-Settling Defendants, as to whether any injuries are common, or as to which law applies.

4. Nothing in this Order shall preclude any Non-Settling Defendant from contending, asserting and/or establishing that Kaye Scholer caused all or part of any losses or damages allegedly incurred or sustained by the plaintiffs or any other party in this proceeding.

5. Exclusive jurisdiction is retained over the parties by the appropriate federal court for all matters relating to the administration, interpretation and effectuation or enforcement of this Order and Judgment.

6. There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 19 day of February, 2008.

s/ James L. Graham
UNITED STATES DISTRICT JUDGE